

The Business Court of Texas
Eleventh Division

| | | |
|---|---|---|
| TIFFANY LYNN SEBASTIAN and MICHAEL JEFFREY SEBASTIAN, INDIVIDUALLY and DERIVATIVELY ON BEHALF OF THE CLASSIC DEALERSHIPS and 16835 CADET PARTNERS, LLC, *Plaintiffs*, <br><br> v. <br><br> T. BENTLY DURANT, THOMAS R. DURANT, THE DURANT CLASSIC DYNASTY TRUST, MICHAEL A. WARD, 8100 PARTNERS, LTD., 8100 MANAGEMENT LLC, 8705 PARTNERS, LTD., and 8705 MANAGEMENT LLC, *Defendants*. | § § § § § § § § § § § § § § § § | Cause No. 25-BC11A-0001 |

## SYLLABUS[1]

This opinion concludes that, under Section 8 of House Bill 19—the court's enabling legislation—the entirety of a civil action commences with the filing of the original petition, regardless of when additional parties and claims are joined.

---

[1] NOTE: The syllabus was created by court staff and is provided for the convenience of the reader. It is not part of the Court's opinion, does not constitute the Court's official description or statement, and should not be relied upon as legal authority.

Additionally, Chapter 25A of the Texas Government Code permits only the removal of an "action," and not the partial removal of individual claims within an action. The court orders remand based on its lack of jurisdiction.



The Business Court of Texas
Eleventh Division

TIFFANY LYNN SEBASTIAN and
MICHAEL JEFFREY SEBASTIAN,
INDIVIDUALLY and
DERIVATIVELY ON BEHALF OF
THE CLASSIC DEALERSHIPS and
16835 CADET PARTNERS, LLC,
    *Plaintiffs,*

v.

T. BENTLY DURANT, THOMAS R.
DURANT, THE DURANT CLASSIC
DYNASTY TRUST, MICHAEL A.
WARD, 8100 PARTNERS, LTD.,
8100 MANAGEMENT LLC, 8705
PARTNERS, LTD., and 8705
MANAGEMENT LLC,
    *Defendants.*

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Cause No. 25-BC11A-0001

## OPINION AND ORDER

¶1    Before the court are (1) Michael Sebastian's Motion to Remand filed January 9, 2025; (2) Tiffany Sebastian's Joinder in the Motion to Remand filed January 15, 2025; (3) the response filed by T. Bently Durant, Thomas R. Durant, the Durant Classic Dynasty Trust, Michael A. Ward, 8100 Partners, Ltd., 8100 Management LLC, 8705 Partners, Ltd., 8705 Management LLC (collectively "Defendants") and

by Classic Chevrolet Sugar Land, LLC, Classic Chevrolet West Houston, LLC, Classic Elite Buick GMC, Inc., and 16835 Cadet Partners, LLC (collectively "Classic"); and (4) the Sebastians' joint reply.

¶2 Having considered the parties' arguments and the relevant law, the court grants the Sebastians' motions and remands this cause to the district court.

### Factual and Procedural Background

¶3 This suit originated as a divorce proceeding. On July 11, 2024, Ms. Sebastian filed an Original Petition for Divorce in the 387th Judicial District Court of Fort Bend County, Texas. At the time, both spouses worked for and owned interests in Classic.

¶4 In the weeks that followed, according to the Sebastians, the Defendants improperly purported to terminate the Sebastians' employment, strip them of their membership interests, and block their access to the entities' books and records.

¶5 On September 18, 2024, Mr. Sebastian filed a Counterpetition for Divorce, adding Classic as Co-Respondents. On December 3, 2024, the Sebastians jointly filed a Third-Party Petition that brought derivative claims on Classic's behalf and added the Durant and 8100 Defendants. The Sebastians amended those claims on December 20, 2024, adding third-party claims against the remaining Defendants. Meanwhile, the parties pursued settlement—seeking to negotiate a buyout of the

2

Sebastians' membership interests under the parties' buy–sell agreement—but their discussions stalled.

¶6 On January 2, 2025, Defendants and Classic (jointly "the Removing Parties") filed their Notice of Removal to the Texas Business Court, pleading that they "remove[d] the individual and derivative claims asserted by" the Sebastians but did "not agree to submit the determination of" the divorce cross-petitions. The Sebastians, in turn, sought remand to the district court. At a hearing on January 30, 2025, all parties appeared through counsel and presented their arguments.

## Legal Standard

¶7 "A party to an action filed in district court or county court at law that is within the jurisdiction of the business court may remove the action to the business court." TEX. GOV'T CODE § 25A.006(d). If the Business Court lacks jurisdiction of a removed action, the court shall remand the action to the original court in which the action was filed. *Id.*; TEX. R. CIV. P. 355(f)(1).

¶8 Whether a court has subject-matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

## Analysis

### I. Ms. Sebastian's Motion for Joinder

¶9 No party presented argument opposing Ms. Sebastian's motion for joinder of Mr. Sebastian's motion to remand. The court grants the motion for joinder,

collectively considers the Sebastians' arguments in favor of remand, and finds that both motions were timely filed within 30 days of removal. *See* TEX. R. CIV. P. 355(f)(2).

## II. The Sebastians' Motion to Remand

### A. The Texas Business Court lacks jurisdiction of actions commenced before September 1, 2024.

¶10 The Business Court of Texas is a specialty statutory court, created by the Texas Legislature to adjudicate complex commercial disputes. *See* Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 1, 2023 Tex. Sess. Law Serv. 919, 919 ("the Act"). The Act added a new chapter to the Texas Government Code: Chapter 25A. *Id.* § 1. Chapter 25A is entitled "Business Court," and it outlines the new court's composition by regional divisions; includes provisions for the appointment of the court's judges; and describes the procedures by which suits may be filed in, transferred to, or removed to the court. TEX. GOV'T CODE §§ 25A.003, 25A.006, 25A.008–.009, 25A.017.

¶11 The Code's new Chapter 25A also grants the Business Court its jurisdiction and powers. *Id.* § 25A.004. While the statute's effective date is September 1, 2023, the Business Court "is created September 1, 2024" and the Act's Section 8 specifies that the "changes in law made by this Act apply to civil actions commenced on or after September 1, 2024." Act at §§ 5, 8, 9. This court has consistently construed Section 8 as conferring jurisdiction of only those suits commencing on or after

4

September 1, 2024. *E.g., Jorrie v. Charles*, 2024 Tex. Bus. 4, 2024 WL 5337409 (Nov. 7, 2024); *Winans v. Berry*, 2024 Tex. Bus. 5, 2024 WL 5337410 (Nov. 7, 2024); *Bestway Oilfield, Inc. v. Cox*, 2025 Tex. Bus. 2, 2025 WL 251338 (Jan. 17, 2025); *Energy Transfer LP v. Culberson Midstream LLC*, 2024 Tex. Bus. 1, 2024 WL 5320611 (Oct. 30, 2024).

## B. The court lacks jurisdiction of this action because it commenced in July 2024.

¶12     The Sebastians move to remand on the basis that this action commenced when the original divorce petition was filed—before September 1, 2024. The Removing Parties counter that the derivative and third-party claims on Classic's behalf or against the Defendants commenced new "actions" against them that allow the court to exercise jurisdiction here. They protest that they were improperly joined to the divorce suit and have not yet been served with any claims.

¶13     The Act does not define the terms "civil action" or "commence." "When a statute contains an undefined term, we typically give the term its ordinary meaning." *Hegar v. Am. Multi-Cinema, Inc.*, 605 S.W.3d 35, 41 (Tex. 2020).

### 1. Under the Act's Section 8, the *civil action* is the entire lawsuit.

¶14     The Removing Parties concede that the divorce suit filed by Ms. Sebastian in July 2024 is an "action." They also recognize that "'action' is generally synonymous with 'suit,'" and that "for there to be a 'suit' or 'action,' it is 'essential that it rest in a court, with the power to hear it." Resp. at 11 (quoting *Jaster v. Comet*

5

*II Constr., Inc.*, 438 S.W.3d 556, 568 (Tex. 2014) (plurality op.)). In July 2024, the divorce action undisputedly rested in a state district court having power to hear it.

¶15     After September 2024, the Sebastians filed various additional pleadings: Mr. Sebastian's Counterpetition identifying Classic as "Co-Respondents" without pleading any express claims against them, the Sebastians' later addition of derivative claims on Classic's behalf, and the Sebastians' two successive pleadings asserting claims against the Defendants. None of those events spawned a new "civil action." The Sebastians' claims were all filed in, and part of, the same action—the one filed by Ms. Sebastian in July 2024 and assigned the cause number 24-DCV-318087 in the 387th Judicial District Court of Fort Bend County.

¶16     The Texas Supreme Court, construing "action" as an undefined term, has considered its "common meaning" as referring to the "entire lawsuit or cause or proceeding, not to discrete 'claims' or 'causes of action' asserted within a suit[.]" *Off. of Att'y Gen. of Tex. v. C.W.H.*, 531 S.W.3d 178, 183 (Tex. 2017). The Act similarly treats a *claim* not as a standalone lawsuit but as a component of an *action*. TEX. GOV'T CODE § 25A.004(b)(3) (granting jurisdiction of "an **action in which a claim** under a state or federal securities or trade regulation law is asserted . . .") (emphasis added). Other divisions of this court have recognized that "a civil action is a lawsuit." *Tema Oil & Gas Co. v. ETC Field Servs., LLC*, 2024 Tex. Bus. 3 at ¶15, 2024 WL 5337411, at *3 (Nov. 6, 2024), *quoted in C Ten 31 LLC v. Tarbox*, 2025

6

Tex. Bus. 1 at 16, 2025 WL 224542, at *7 (Jan. 3, 2025) ("'action' relates to the lawsuit generally while 'claim' relates to individual rights and remedies asserted within the suit.").

¶17　　The Removing Parties argue their joinder to the divorce suit was procedurally and substantively improper. Because the company-related claims are unrelated to the divorce, they contend, the removed case should be deemed a separate "civil action" and should have been severed under Texas Rule of Civil Procedure 41 from the beginning. Indeed, they correctly recognize that a partial removal to this court would amount to a *de facto* severance.

¶18　　But the Act does not override the long-settled doctrine permitting only court-ordered severance. *See id.*; *F.F.P. Op. Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007) (quoting *Guar. Fed. Sav. Bank v. Horseshoe Op. Co.*, 793 S.W.2d 652, 658 (Tex. 1990)). Instead, the Act permits a party to "remove the action"—not independent claims—to the Business Court. TEX. GOV'T CODE § 25A.006(d). The court holds that the Removing Parties' opposed notice of partial removal could not unilaterally divide this case into a new "civil action" for purposes of Section 8.

¶19　　Under the Act's Section 8, *civil action* refers to the entire lawsuit, including the divorce cross-petitions and the later-filed claims involving the Removing Parties.

7

## 2. This civil action commenced before September 1, 2024.

¶20     This action commenced with the original divorce petition in July 2024. TEX. R. CIV. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."). Because the court holds that no subsequent pleading created a new lawsuit, the entirety of this action—including the claims on Classic's behalf and against Defendants—"commenced" before September 2024.

¶21     The First Division of this court recently reached the same conclusion. *See Osmose Utils. Servs., Inc. v. Navarro Cnty. Elec. Coop.*, 2025 Tex. Bus. 3, 24-BC01A-0011 (Jan. 31, 2025). As in this case, Osmose attempted a partial removal, asking the Business Court to hear only the contractual claims involving Osmose and not the underlying personal-injury claims that pre-dated September 2024. *Id.* at ¶¶ 2–5. The court remanded, concluding that "the sole reasonable interpretation of Chapter 25A" was that "an action means a lawsuit, and does not refer to each individual claim within a lawsuit." *Id.* at ¶ 27. Accordingly, under the Act's Section 8, "the relevant date is the date on which suit was filed in the district court—not the date on which the parties filed the discrete claims sought to be removed to this Court." *Id.* at ¶ 30.

¶22     Sitting *en banc*, the Third Court of Appeals was similarly faced with a statute applying only to actions "commenced on or after" the legislation's effective date. *S & P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390, 395 (Tex. App.—Austin

2011, no pet.) (en banc). The appellate court concluded "for purposes of the effective date" that "the filing of the original petition commences the action with respect to all parties regardless of when they are brought into the action." *Id.* at 396. Here, too, this action commenced in July 2024, regardless of when the Removing Parties were joined.

¶23     The Removing Parties claim they were not yet properly served, but the Act's effective date hinges on the date an action "commences," not on the date a plaintiff effects service or "brings suit." *See Tex. State Univ. v. Tanner*, 689 S.W.3d 292, 300 (Tex. 2024) (describing "distinction between 'bringing' and 'filing'" suit to satisfy statute of limitations). The Removing Parties certainly do not contend the case could have fallen within the Act's purview if only the Sebastians had effected service sooner.

¶24     The nonbinding precedent analyzing when an action commenced "**as to**" a certain defendant cannot alter the outcome, either:

- For purposes of triggering expert deadlines, holding "an action commences **as to** each defendant when it is first named as a defendant." *Morris v. Ponce*, 584 S.W.3d 922, 928 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

- For purposes of triggering defendant's removal deadlines, holding "under Texas law, the action commenced **as to** [the defendant] when it was first named[.]" *Granite State Ins. Co. v. Chaucer Syndicate 1084 at Lloyd's*, CV-H-20-1588, 2020 WL 8678020, at *10 (S.D. Tex. July 14, 2020).

The Removing Parties rely on these and other cases construing when an action "commenced" as to a given party for purposes of triggering **that party's** rights or

9

obligations. *E.g., Martinez v. Gonzales*, No. 13-14-00241-CV, 2015 WL 5626242, at \*4 (Tex. App.—Corpus Christi–Edinburg Sept. 17, 2015, pet. denied) (mem. op.) (construing *commencement* for purposes of "triggering the applicable [expert] deadline"); *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 400 (Tex. 2011) (noting plaintiff's amendment does not relate back to original pleading to toll her limitations deadline).[1]

¶25     But the question before this court is not merely one of when a certain party's rights or duties were triggered. The question is whether this court has jurisdiction of the suit at all. And the court has consistently held in multiple contexts and across multiple divisions that it lacks jurisdiction over **actions** preceding the Act's specified date. *E.g., Seter v. Westdale Asset Mgmt., Ltd.*, 2024 Tex. Bus. 7 at ¶ 2, 2024 WL 5337346, at \*1 (Dec. 16, 2024) ("In six prior instances, this Court has remanded actions commenced before September 1, 2024, for lack of authority or want of jurisdiction."), *mandamus pet. denied in In re Westdale Asset Mgmt., Ltd.*,

---

[1] *See also Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970) (requiring diligent service for "commencement" of suit to trigger plaintiff's tolling of limitations); *Travelers Ins. Co. v. Brown*, 402 S.W.2d 500, 503 (Tex. 1966) (construing whether plaintiff "commence[d] any proceeding . . . seeking damages from the" defendant under its contractual defense); *Marez v. Moeck*, 608 S.W.2d 740, 742 (Tex. App.—Corpus Christi 1980, no writ) (requiring amended petition against proper party to trigger plaintiff's tolling of limitations). The *en banc* Austin Court of Appeals made an analogous distinction in *S & P*, noting that the "[c]ontext is critical, as are the consequences of a particular construction." 334 S.W.3d at 398 n.10 ("instead of determining whether a claim is unnecessarily barred by an unintended use of a statute, we are considering which version of a statute the legislature wanted to be applicable on the facts before us.").

No. 15-24-00135-CV, 2025 WL 300912 (Tex. App.—15th Jan. 24, 2025, orig. proceeding). The court construes the Act's Section 8 as an all-or-nothing jurisdictional grant as to suits commencing on or after September 1, 2024. *See id.*; *Jorrie*, 2024 Tex. Bus. 4 at 8. The clause's common meaning reflects no intent for each addition of a new party to revive the Business Court's jurisdiction on suits that were otherwise too old to satisfy Section 8.

¶26     To be clear, the court does not reach its decision based on whether the Sebastians' "cause of action" accrued against any defendant before September 1. Whether the parties exchanged demand letters or had a "right to relief" before that date is not dispositive here. *See* Resp. at 11. Instead, the *civil action* itself commenced in July upon the filing of the original petition.

¶27     The Removing Parties insist the Business Court is a more appropriate forum for the corporate-governance and derivative matters against them. And the Sebastians concede those matters substantively fall within the Act's subject-matter jurisdiction, but they counter that the "issues are too entwined" to bifurcate this suit. *See* Reply at 3, 4. Having concluded it lacks jurisdiction for the reasons above, the court expresses no opinion on whether the buy–sell litigation and remaining commercial disputes should be severed from the family-law claims or whether joinder was timely, necessary, or proper.

11

## Conclusion and Order

¶28      For the reasons stated above, the court lacks jurisdiction of this suit and must remand it. The court **GRANTS** Tiffany Sebastian's Motion to Remand and Michael Sebastian's Motion for Joinder. The cause is **REMANDED** to the 387th Judicial District Court of Fort Bend County, Texas.

SO ORDERED.

STACY ROGERS SHARP
Judge of the Texas Business Court,
Fourth Division

SIGNED ON: February 4, 2025