2025 Tex. Bus. 14



## The Business Court of Texas, Fourth Division

|  |  |  |
|---|---|---|
| IN RE: | § § § | |
| J.W.B. Trust of 2007 | § § | Cause No. 25-BC04A-0003 |
| G.M.B. Trust of 2009 | § § | |
| E.E.B. Trust of 2012 | § § § § | |

---

### OPINION AND ORDER

---

### *Syllabus*[*]

*This opinion addresses whether a party may remove a case that was filed in statutory probate court before September 1, 2024, but added a new defendant and corporate claims after September 1, 2024. The court concluded it lacked jurisdiction because the entire action commenced prior to September 1, 2024; it therefore remanded the case to the probate court.*

### OPINION

¶1     Before the court is an objection filed by Plaintiff Jason Berridge, as next friend for his three children, requesting the court remand this case to Bexar County Probate

---

[*] NOTE:  The syllabus was created by court staff and is provided for the convenience of the reader. It is not part of the Court's opinion, does not constitute the Court's official description or statement, and should not be relied upon as legal authority.

Court No. 1. The court ordered Defendant Joel Lee-Eric Jesse, in his capacity as President and Chief Executive Officer of Berridge Manufacturing, Inc. (hereinafter, "Defendant BMC"), to file a response to Plaintiff's objection. After Defendant BMC filed a response, Plaintiff filed a reply. Upon consideration, the court sustains Plaintiff's objection and orders the case remanded to the probate court.

## BACKGROUND

¶2 On February 20, 2024, Plaintiff sued Defendant Joel Lee-Eric Jesse, individually and in his capacity as trustee of the three trusts set up for Plaintiff's children (hereinafter, collectively "Defendant Jesse"). Plaintiff initiated the suit in Bexar County Probate Court No. 1 pursuant to section 32.007 of the Texas Estates Code. TEX. EST. CODE §32.007(2).

¶3 In his original petition, Plaintiff stated between 2007 and 2012, Defendant Jesse created a trust for each of Plaintiff's children as part of their grandfather's estate plan. Each trust was set up to own stock in the grandfather's company and named Defendant Jesse as trustee. Plaintiff alleged Defendant Jesse violated his fiduciary duty as trustee of the three trusts by failing to distribute all the trusts' net income pursuant to the trusts' mandatory language. On behalf of his children, he sought actual damages, removal of Defendant Jesse as trustee, and attorney's fees. Defendant Jesse filed answers on March 27, 2024.

¶4 On February 3, 2025, months after this court opened, Plaintiff filed an amended petition, adding Defendant BMC and alleging Defendant BMC breached

2

numerous corporate fiduciary duties. Plaintiff also sought a constructive trust and disgorgement as equitable remedies for the alleged breaches of fiduciary duty.

¶5      Thereafter, on March 5, 2025, Defendant BMC removed the suit to this court. In the notice of removal, Defendant BMC pleaded Plaintiff's amended petition, which included new corporate claims against a new corporate defendant, falls within this court's original and supplemental jurisdiction. *See* TEX. GOV'T CODE §§ 25A.004(b)(2), (4), (5), and (6) & 25A.004(f).

¶6      Plaintiff timely objected, arguing removal is improper. The court then ordered Defendant BMC to file a response addressing Plaintiff's objection as well as the effect, if any, of the following cases on the court's jurisdiction: *ETC Field Services, LLC v. Tema Oil and Gas Company*, No. 15-24-00124-CV, 2025 WL 582317 (Tex. App.—15th Dist. Feb. 21, 2025, orig. proceeding) and *Sebastian v. Durant*, 2025 Tex. Bus. 4, 2025 WL 394634 (Feb. 4, 2025). Defendants' responses and Plaintiff's reply followed.

## LEGAL STANDARD

¶7      Section 25A.006(d) provides: "A party to an action filed in district court or county court at law that is within the jurisdiction of the business court may remove the action to the business court." TEX. GOV'T CODE § 25A.006(d). However, if the court lacks jurisdiction over the removed action, then the court must remand it to the original court in which the action was filed. *Id.* "Whether [this] court has subject-matter jurisdiction is a question of law," and this court has an obligation to examine its jurisdiction "any time it is in doubt." *Tex. Disposal Sys. Landfill, Inc. v. Travis Cent. Appraisal Dist.*, 694 S.W.3d 752,

3

757 (Tex. 2024); *Tex. Propane Gas Ass'n v. City of Hous.*, 622 S.W.3d 791, 797 (Tex. 2021).

ANALYSIS

¶8      Section 8 of House Bill 19, the legislation creating the Business Court, states: "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024." Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 1, 2023 Tex. Sess. Law Serv. 919, 919 ("the Act"). This court "has consistently construed Section 8 as conferring jurisdiction of only those suits commencing on or after September 1, 2024." *Sebastian*, 2025 Tex. Bus. 4 at ¶11; *E.g., Seter v. Westdale Asset Mgmt., Ltd.*, 2024 Tex. Bus. 7 at ¶2, 2024 WL 5337346, at *1 (Dec. 16, 2024) ("In six prior instances, this Court has remanded actions commenced before September 1, 2024, for lack of authority or want of jurisdiction."). Thereafter, the Fifteenth Court of Appeals issued *ETC Field Services, LLC v. Tema Oil and Gas Company*, holding:

> The question here is whether a civil action filed before [September 1, 2024] in a local trial court could properly be removed to the business court after that date. We hold it cannot, since removal does not 'commence' a new action in the business court after the Act's effective date, but simply transfers a pre-existing one.

2025 WL 582317, at *2.

¶9      Here, the same reasoning applies. This civil action was commenced in Bexar County Probate Court No. 1 on February 20, 2024. Defendant BMC's removal of it to this court approximately a year later did not commence a new civil action, but instead continued the previous one. *See id.*

4

¶10    Defendant BMC, however, argues *ETC Field Services* is inapplicable because it did not directly address whether a party may remove an action that added a new defendant and claims after September 1, 2024.  However, the reasoning in *ETC Field Services* concerning the construction of section 8 of House Bill 19 is clear; *"[c]ommence* means to 'begin' or 'start,'" [and] "the Texas rules of procedure use the term in the precise context of starting a new lawsuit."  *See id.*  Thus, this lawsuit started on February 20, 2024, when Plaintiff filed its original petition in Bexar County Probate Court No. 1.  *See id.*

¶11    This conclusion is consistent with this court's holding in *Sebastian*, which properly applied the commencement language in section 8 of House Bill 19 and held subsequent amendments that added new claims and/or parties after September 1, 2024, do not determine when an action commences.  *See* 2025 Tex. Bus. 4 at ¶20.  The court in *Sebastian* distinguished the same cases and arguments now relied on by Defendant BMC.  *See id.* at ¶¶24–25.

¶12    It follows this court lacks jurisdiction over the entire suit.  Plaintiff's amended petition, which asserted new claims against an additional defendant after September 1, 2024, did not commence the civil action; rather, the action commenced when the lawsuit started on February 20, 2024 in Bexar County Probate Court No. 1.  *See Sebastian*, 2025 Tex. Bus. 4 at ¶¶24–27: *see also Cypress Towne Ctr., Ltd. v. Kimco Realty Servs., Inc.*, 2025 Tex. Bus. 8 at ¶¶16–23, 2025 WL 610519, at *5–8 (Feb. 25, 2025) (concluding addition of a publicly traded company following September 1, 2024 does not affect the application of section 8 of House Bill 19); *Yadav v. Agrawal*, 2025 Tex. Bus. 7 at ¶¶45–67, 2025 WL 467645, at *8–14 (Feb. 11, 2025) (holding a party's post September 1,

2024 intervention or third-party claims do not qualify as separate civil actions commenced on or after September 1, 2024). Therefore, we do not have jurisdiction over this suit.

¶13 Having determined we lack jurisdiction, the court does not address Defendant BMC's other arguments, including its request for a severance. We remand the suit to the probate court.

**CONCLUSION**

¶14 Based on the foregoing, the court remands this case to the Bexar County Probate Court No. 1.

IT IS SO ORDERED.

Marialyn Barnard
Judge of the Texas Business Court,
Fourth Division

SIGNED ON: April 17, 2025

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 99806245
Filing Code Description: No Fee Documents
Filing Description: Opinion and Order
Status as of 4/17/2025 2:47 PM CST

Associated Case Party: Jason Berridge

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jobe Jackson | 24087787 | jjackson@langleybanack.com | 4/17/2025 2:24:12 PM | SENT |
| Christopher Hodge | 24037974 | Chodge@langleybanack.com | 4/17/2025 2:24:12 PM | SENT |
| Farid Seyyedi Ahari | 24125407 | fseyyedi@langleybanack.com | 4/17/2025 2:24:12 PM | SENT |
| Madison Sanchez | | msanchez@langleybanack.com | 4/17/2025 2:24:12 PM | SENT |
| Corrina Ramirez | | cramirez@langleybanack.com | 4/17/2025 2:24:12 PM | SENT |

Associated Case Party: JoelLee-EricJesse

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Ferguson | 6916980 | jhf@ddb-law.com | 4/17/2025 2:24:12 PM | SENT |
| Matthew Badders | 24069325 | mjb@ddb-law.com | 4/17/2025 2:24:12 PM | SENT |
| Chase Parsons | 24124182 | parsonscchase@gmail.com | 4/17/2025 2:24:12 PM | SENT |
| Natsumi JoCovey | | ncovey@valkenaarlaw.com | 4/17/2025 2:24:12 PM | SENT |
| Jose Capetillo | | jcapetillo@valkenaarlaw.com | 4/17/2025 2:24:12 PM | SENT |
| Sarah  Pita | | spita@valkenaarlaw.com | 4/17/2025 2:24:12 PM | SENT |
| Megan DSturm | | msturm@valkenaarlaw.com | 4/17/2025 2:24:12 PM | SENT |
| Michele Paplanus | | mpaplanus@valkenaarlaw.com | 4/17/2025 2:24:12 PM | SENT |
| Laura Lillie | | ll@ddb-law.com | 4/17/2025 2:24:12 PM | SENT |
| Daniela Virgen | | dvg@ddb-law.com | 4/17/2025 2:24:12 PM | SENT |
| Lauren AshleyValkenaar | | lvalkenaar@valkenaarlaw.com | 4/17/2025 2:24:12 PM | SENT |

Case Contacts

_____

_____

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 99806245
Filing Code Description: No Fee Documents
Filing Description: Opinion and Order
Status as of 4/17/2025 2:47 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Les Katona | 11106680 | katonal@CKl-lawyers.com | 4/17/2025 2:24:12 PM | SENT |