2024 Tex. Bus. 4



The Business Court of Texas
Fourth Division

| | | |
|---|---|---|
| JAMES JORRIE,<br>*Plaintiff,*<br>v.<br>CRAIG CHARLES, JULIAN<br>CALDERAS, JR., and AL GLOBAL<br>SERVICES, LLC,<br>*Defendants,*<br>v.<br>COBRA ACQUISITIONS, LLC,<br>*Interpleader/Third-Party Defendant,*<br>v.<br>ESPADA LOGISTICS & SECURITY<br>GROUP, LLC, ESPADA CARIBBEAN,<br>LLC, ARTY STRAEHLA, KEN KINSE<br>JENNIFER GAY JORRIE, and<br>MAMMOTH ENERGY SERVICES,<br>INC.,<br>*Third-Party Defendants,*<br>v.<br>OCEAN VENTURES, LLC,<br>*Intervenor,* and<br>v.<br>CECHARLES CONSULTING, LLC,<br>XFED, LLC, and XFED GLOBAL, LLC<br>*Third-Party Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § | Cause No. 24-BC04B-0001 |

## SYLLABUS[1]

---

[1] NOTE: The syllabus was created by court staff and is provided for the convenience of the reader. It is not part of the Court's opinion, does not constitute the Court's official description or statement, and should not be relied upon as legal authority.

This opinion concludes the court lacks subject-matter jurisdiction to hear a case commenced before September 1, 2024. This 2018 suit was removed to the Business Court from district court under Chapter 25A of the Texas Government Code. Though all parties consented to the removal, the court examined its jurisdiction *sua sponte* and concluded the legislation creating the Business Court of Texas does not grant the court jurisdiction, requiring remand.



## The Business Court of Texas
### Fourth Division

JAMES JORRIE,
*Plaintiff,*

v.

CRAIG CHARLES, JULIAN CALDERAS, JR., and AL GLOBAL SERVICES, LLC, *Defendants,*

v.

COBRA ACQUISITIONS, LLC, *Interpleader/Third-Party Defendant,*

v.

ESPADA LOGISTICS & SECURITY GROUP, LLC, ESPADA CARIBBEAN, LLC, ARTY STRAEHLA, KEN KINSEY, JENNIFER GAY JORRIE, and MAMMOTH ENERGY SERVICES, INC., *Third-Party Defendants,*

v.

OCEAN VENTURES, LLC, *Intervenor,* and

v.

CECHARLES CONSULTING, LLC, XFEI LLC, and XFED GLOBAL, LLC, *Third-Party Defendants.*

§ § § § § § § § § § § § § § § § § § § § § § § § § § §

Cause No. 24-BC04B-0001

---

### OPINION & ORDER

---

Before the court is (1) the Brief in Support of Removal to Business Court jointly filed

by Plaintiff James Jorrie; Intervenor Ocean Ventures, LLC; and Third-Party Defendants

Jennifer Gay-Jorrie, ESPADA Logistics & Security Group, LLC, and ESPADA Caribbean,

1

LLC (collectively the "Jorrie–Espada Parties") on October 14, 2024; (2) the Advisory Concerning the Jorrie-Espada Parties' Removal to Business Court filed by Defendants Craig Charles, Julian Calderas, Jr., and AL Global Services, LLC on October 24, 2024; and (3) the Supplemental Brief Regarding the Authority and Jurisdiction of Removal to Business Court filed by the Jorrie–Espada Parties on October 30, 2024.

Having considered the parties' arguments and the relevant law, the court remands this suit to the district court.

## PROCEDURAL BACKGROUND

This lawsuit arose from a dispute among managing members of a limited liability company, AL Global ("the Company"). On November 30, 2018, managing member James Jorrie sued his co-managers and the Company in the 57th Judicial District Court of Bexar County, Texas. During the five years that followed, the parties engaged in discovery, added new parties and counterclaims, briefed an interlocutory appeal and mandamus proceedings, engaged in arbitration concerning their dispute with the interpleading party, and appointed two successive supervisors to wind up the Company's affairs. The district court set a jury trial for September 23, 2024.

A week before the trial setting, the Jorrie-Espada Parties removed the suit to this court. In response to the court's order requesting briefing, the Jorrie–Espada Parties filed their brief and supplemental brief in support of removal and Defendants filed their advisory stating they consented to removal. No other party filed briefing or objections regarding removal or remand. On October 25, 2024, the court gave notice of a potential *sua sponte* remand of the suit under Texas Rule of Civil Procedure 355(f)(3) and set a hearing for

2

November 1, 2024, to hear any objections to remand as well as argument regarding this court's authority and jurisdiction to hear the suit. The Jorrie–Espada Parties and Defendants appeared at the hearing through counsel and presented their arguments supporting the removal.

LEGAL STANDARD

No party has moved for remand of this suit, but the court must nonetheless examine its own subject-matter jurisdiction to determine whether remand is required. *See Tex. Propane Gas Ass'n v. City of Hous.*, 622 S.W.3d 791, 797 (Tex. 2021) (noting that courts "have an obligation to examine [their] jurisdiction any time it is in doubt"). This question requires construing the statute that created this court to determine whether that statute confers subject-matter jurisdiction over the suit.

The analysis involves pure issues of law, not fact. "Statutory construction is a question of law." *Am. Honda Motor Co. v. Milburn*, 696 S.W.3d 612, 623 (Tex. 2024). "Whether a court has subject matter jurisdiction is a question of law" as well. *Wheelabrator Air Pollution Control, Inc. v. City of San Antonio*, 489 S.W.3d 448, 451 (Tex. 2016).

ANALYSIS

## I.      House Bill 19 created the Texas Business Court as of September 1, 2024.

The Business Court of Texas is a specialty statutory court that was created by the Texas Legislature through House Bill 19 to adjudicate complex commercial disputes. *See* Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 1, 2023 Tex. Sess. Law Serv. 919, 919

3

("the Act"). The Act was passed in 2023 while this suit was pending in district court. *Id.* § 9.

The Act added a new chapter to the Texas Government Code—Chapter 25A. *Id.* § 1. Chapter 25A is entitled "Business Court," and it outlines the new court's composition by regional divisions; specifies those divisions' respective locations; includes provisions for the qualifications and appointment of the court's judges; and describes the procedures by which suits may be filed in, transferred to, or removed to the court. TEX. GOV'T CODE §§ 25A.003, 25A.006, 25A.008–.009, 25A.017. Under Chapter 25A, "a party to an action filed in a district court or county court at law that is within the jurisdiction of the business court may remove the action to the business court." *Id.* § 25A.006(d). If agreed, such a notice of removal may be filed "at any time during the pendency of the action." *Id.* § 25A.006(f).

The Code's new Chapter 25A also grants the Business Court its jurisdiction and powers. *Id.* § 25A.004.

While the statute's effective date is September 1, 2023, the Act specifies that the Business Court "is created September 1, 2024" and that the "changes in law made by this Act apply to civil actions commenced on or after September 1, 2024." H.B. 19, §§ 5, 8, 9.

## II. The Act makes Chapter 25A inapplicable to this 2018 suit.

Both parties concede the Act's Section 8 is unambiguous. And, under Section 8's plain language, the Act's "changes in law" apply to actions that commenced on or after September 1, 2024. *Id.* § 8. The Act's most substantial change in the law is the addition of Chapter 25A, which includes the provisions permitting removal to the Business Court. *Id.*

4

§ 1. Accordingly, as other divisions of this court recently concluded, we "must construe § 8 as limiting § 25A.006's removal provisions to cases filed on or after September 1, 2024." *Energy Transfer LP v. Culberson Midstream LLC*, No. 24-BC01B-0005, 2024 Tex. Bus. 1; 2024 WL 4648110, at *3 (Tex. Bus. Ct. Oct. 30, 2024); *see also Synergy Energy Glob. LLC v. Hinduja Glob. Sols., Inc.*, No. 24-BC01B-0007, 2024 Tex. Bus. 2 (Tex. Bus. Ct. Oct. 31, 2024); *Tema Oil & Gas Co. v. ETC Field Servs., LLC*, No. 24-BC08B-0001, 2024 Tex. Bus. 3 (Tex. Bus. Ct. Nov. 6, 2024) ("Because the case did not begin in the District Court on or after September 1, 2024, Section 25A.006's removal provision does not apply.").

This civil action commenced in 2018, when Jorrie filed his original petition. *See* TEX. R. CIV. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."); *e.g.*, *S & P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390, 397–98 (Tex. App.—Austin 2011, no pet.) (en banc) (concluding for purposes of a statute's effective date that "an action commences when the original petition is filed").

On its face, Section 8 makes the entirety of Chapter 25A, including the Chapter's removal provisions, inapplicable to this 2018 suit.

### III. This court lacks subject-matter jurisdiction of this suit.

The parties distinguish the Business Court's previous decisions remanding pre-2024 lawsuits. Here, because the parties all agree to proceed in this court, they contend their removal is proper under the Code's provision allowing that "a party may file an agreed notice of removal **at any time during the pendency of the action.**" TEX. GOV'T CODE § 25A.006(f) (emphasis added). Given the parties' agreed removal, their suit could arguably proceed by consent in this forum—unless Section 8's commencement date deprives the

court of subject-matter jurisdiction. *See Oncor Elec. Delivery Co. NTU v. Wilbarger CAD*, 691 S.W.3d 890, 907 (Tex. 2024) ("Of course, subject-matter jurisdiction cannot be conferred by waiver or estoppel.").

The court concludes that Section 8 is jurisdictional.

"The subject-matter jurisdiction of Texas courts derives solely from the Texas Constitution and state statutes." *Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022). "For . . . state trial courts of limited jurisdiction, the authority to adjudicate must be established at the outset of each case, as jurisdiction is never presumed." *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000).

"Subject-matter jurisdiction refers to a court's statutory or constitutional power to adjudicate a case." *Fairley*, 650 S.W.3d at 379. This court derives that power from Article V of the Texas Constitution and from statute—specifically, from the Code's new Chapter 25A. Chapter 25A grants this court the "power to . . . grant any relief that may be granted by a district court," though that power is "subject to" the remaining clauses that outline the court's limited statutory jurisdiction. *Id.* § 25A.004(a). Chapter 25A goes on to specify that the court "has civil jurisdiction concurrent with district courts in" specific types of actions listed in Section 25A.004(b)–(e), including certain types of actions involving a publicly traded company or in which the amount in controversy exceeds five or ten million dollars, depending on the types of claims at issue. *Id.* § 25A.004(b)–(d).

These new statutory provisions conferring power and jurisdiction on this court are fundamental "changes in law." *See* H.B. 19, § 8. And Section 8 specifies that those changes apply to "actions commenced on or after September 1, 2024"—which necessarily means

6

they do not apply to actions commenced any earlier. *Id.* Any other construction of Section 8 renders its commencement date mere surplusage. *See Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) ("The Court must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous.").

Because Chapter 25A grants this court its jurisdiction and Chapter 25A does not apply to suits commencing before September 1, 2024, this court lacks jurisdiction to adjudicate a suit filed before that date.

## IV.     The court need not consider extrinsic aids to construe the statute.

The parties correctly point out that courts "do not consider legislative history or other extrinsic aides to interpret an unambiguous statute because the statute's plain language most reliably reveals the legislature's intent." *Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 136 (Tex. 2018). In *Texas Health*, the Texas Supreme Court held that the lower court had improperly relied on extrinsic "legislative drafting history and [] statements individual legislators made during the legislative process" to interpret an unambiguous statute. *Id.* at 135.

But Section 8 is not extrinsic to the statute. Section 8 is in the enrolled House Bill 19, which was passed by the legislature and signed by the Governor, making it binding session law. 2023 Tex. Sess. Law Serv. 919, 929; *see Union Pac. R.R. Co. v. Brown*, No. 04-17-00788-CV, 2018 WL 6624507, at *3 n.2 (Tex. App.—San Antonio Dec. 19, 2018, no pet.) (mem. op.) (holding statute's effective date was binding law despite its absence from the codified version of the statute) (quoting *United States of Am. for the Use & Benefit of E J Smith Constr., Co. v. Travelers Cas. & Sur. Co.*, No. 5:15-CV-971 RP, 2016 WL 1030154,

at *5 (W.D. Tex. Mar. 10, 2016) ("Uncodified session law is law nonetheless.")). As one Texas court of appeals correctly described, "[a]s long as the official session law was enacted properly, the statute is valid." *Al-Yahnai Fountain Hawkins v. State*, No. 11-04-00278-CR, 2005 WL 2156981, at *2 (Tex. App.—Eastland Sept. 8, 2005, no pet.) (per curiam). "The fact that Vernon's does not transcribe the enacting language is of no consequence." *Id.* Absent rare and narrow circumstances not present here, the enrolled version of a bill is the binding statute enacted by the legislature. *Ass'n of Texas Pro. Educators v. Kirby*, 788 S.W.2d 827, 829 (Tex. 1990).

House Bill 19, as enrolled, is official session law containing all nine sections of the "ACT relating to the creation of a specialty trial court to hear certain cases; authorizing fees." 2023 Tex. Sess. Law Serv. at 919-29. Contrary to the parties' assertions, Section 8's September 1 commencement date is within both the enrolled bill and the Act itself. *Id.* at 929. The binding Act thus specifies that all of its "changes in law"—**including Chapter 25A's clauses granting this court its jurisdiction**—apply to cases that commence on or after September 1, 2024. *Id.* Because this suit commenced before that date, the court lacks jurisdiction to adjudicate it.

### CONCLUSION AND ORDER

Though the parties jointly ask the Business Court to hear this case, their agreement cannot expand the court's subject-matter jurisdiction. *See Tex. Disposal Sys. Landfill, Inc. v. Travis CAD*, 694 S.W.3d 752, 760 (Tex. 2024) ("We have long held that parties cannot confer jurisdiction by agreement."). The court has no choice but to remand the suit to district court.

8

For the reasons stated above, this action is therefore **REMANDED** to the 57th Judicial District Court of Bexar County, Texas.

SO ORDERED.

STACY ROGERS SHARP
Judge of the Texas Business Court,
Fourth Division

SIGNED ON: November 7, 2024