

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-13-00897-CV

Lynn Noble **HAWTHORNE** a/k/a Lynn Hawthorne,
Appellant

v.

Jack **GUENTHER**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-20197
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  February 4, 2015

AFFIRMED

The issue in this appeal is whether a 1993 judgment obtained by appellee against appellant became dormant, and, if it did, was the judgment subsequently revived. Appellant initiated the underlying suit when she filed a petition for declaratory judgment asking that the trial court declare the 1993 judgment dormant, null, void, and/or unenforceable because the statutory ten-year-period after rendition of the judgment had expired with no writ of execution having been properly issued. Appellee answered and filed a counterclaim in which he argued that, to the extent the 1993 judgment was dormant, he was now bringing an action for debt against appellant for all sums owed

under the judgment. Appellant moved for summary judgment, arguing the 1993 judgment became dormant on April 28, 2003 and was not revived by any subsequent action taken by appellee. The trial court denied appellant's motion for summary judgment. Appellee later moved for a traditional summary judgment, arguing the 1993 judgment either was not dormant, or if dormant, was revived. The trial court granted appellee's motion, and rendered a take-nothing judgment against appellant. This appeal ensued in which appellant challenges both the granting of appellee's motion for summary judgment and the denial of her motion for summary judgment. We affirm.

**PARTIES' MOTIONS FOR SUMMARY JUDGMENT**

The parties' respective motions for summary judgment are almost mirror images of each other and, therefore, will be discussed together. Appellee moved for summary judgment on three specific statutory grounds: (1) the 1993 judgment did not become dormant because he requested a writ of execution within ten years pursuant to Texas Civil Practice and Remedies Code section 34.001; (2) he filed numerous "actions of debt" to keep the judgment alive pursuant to Texas Civil Practice and Remedies Code section 31.006; and (3) even if the judgment became dormant, his counterclaim revived the judgment pursuant to Texas Civil Practice and Remedies Code section 16.069. The basis of appellant's motion for summary judgment was that the 1993 judgment became dormant pursuant to Civil Practice and Remedies Code section 34.001, and was not revived pursuant to section 34.006 by the filing of turnover or garnishment proceedings. The trial court granted appellee's motion, stating as follows: "the [1993] Judgment . . . was properly revived under Tex. Civ. Prac. & Rem. Code § 31.006 and is in all things, fully valid and enforceable against" appellant.

### A.     Standard of Review

A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. TEX. R.

CIV. P. 166a(c). To determine if the non-movant raised a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009), citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

Here, the trial court expressly granted summary judgment on only one of the three grounds raised in appellee's motion for summary judgment. "[C]ourts of appeals should consider all summary judgment grounds the trial court rules on and the movant preserves for appellate review that are necessary for final disposition of the appeal when reviewing a summary judgment." *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996). An "appellate court may consider other grounds that the movant preserved for review and the trial court did not rule on in the interest of judicial economy." *Id.* In this opinion, we address two of the three grounds raised by appellee in his motion for summary judgment.[1]

**B.      Did the 1993 Judgment Become Dormant?**

Civil Practice and Remedies Code section 34.001 provides as follows: "If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived." TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a) (West Supp. 2014). In his motion for summary judgment, appellee asserted a writ of execution was issued by the clerk on September 6, 2002, within the statutory ten years. In her motion for summary judgment, appellant argued the judgment became dormant because the writ of execution was not properly delivered.

---

[1] We need not address whether appellee's counterclaim revived the 1993 judgment. TEX. R. APP. P. 47.1.

There is no dispute that a writ of execution was prepared on September 6, 2002. But the Sheriff's Return is blank indicating the writ was never delivered to an officer for execution. The term "issue," within the meaning of section 34.001, "means more than the mere clerical preparation and attestation of the writ, and requires that it should be delivered to an officer for enforcement." *Cotten v. Stanford* 147 S.W.2d 930, 933 (Tex. Civ. App.—Amarillo 1941, no writ); *accord Carpenter v. Probst*, 247 S.W.2d 460, 461 (Tex. Civ. App.—San Antonio 1952, writ ref'd). Here, the summary judgment record indicates the writ was prepared but not delivered to an officer for enforcement. Therefore, we conclude that appellant established as a matter of law that the 1993 judgment became dormant on April 28, 2003 because the writ of execution never issued. *See Cotton*, 147 S.W.2d at 933 (at most, execution was sent to the sheriff; but no showing of how it was sent, by whom it was sent, or whether it was received by the sheriff; therefore, judgment became dormant). For this same reason, we conclude appellee was not entitled to summary judgment based on his argument that the judgment was not dormant under section 34.001.

### C.      Was the Judgment Revived?

"A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant." TEX. CIV. PRAC. & REM. CODE ANN. § 31.006 (West 2008). In this case, the judgment was rendered on April 28, 1993, and the ten-year period expired on April 28, 2003. *See Ware v. The Everest Group, L.L.C.* 238 S.W.3d 855, 864 (Tex. App.—Dallas 2007, pet. denied) (judgment becomes dormant ten years from date judgment was "rendered"). Therefore, to be entitled to summary judgment under section 31.006, appellee had to establish, as a matter of law, that he brought an "action of debt" within two years after the judgment became dormant on April 28, 2003. Any action brought before April 28, 2003 has no effect because the judgment was not yet dormant; and any action after the two-year period expired cannot revive the judgment. *See* TEX. CIV. PRAC. & REM. CODE § 31.006.

As summary judgment evidence of action taken during the relevant time period, appellee provided copies of the following: (1) a June 3, 2003 plea in intervention and application for turnover relief in which he sought turnover of proceeds from a personal injury case in which appellant was the plaintiff; (2) an August 24, 2004 petition in intervention and application for turnover relief in which he sought turnover of proceeds from a legal malpractice case appellant filed against the attorneys who represented her in her deceased husband's estate proceeding; (3) a February 16, 2005 application for writ of garnishment seeking to garnish a law firm that he believed was indebted to appellant; and (4) an abstract of the 1993 judgment filed on August 26, 2004. In each of these actions, appellee referenced the unsatisfied April 28, 1993 judgment against appellant.

An "action on debt" is a new and independent suit that does not seek execution of the former judgment, but instead, seeks recovery of the full amount of the debt owed under the former judgment.[2] *See Burge v. Broussard*, 258 S.W. 502, 505 (Tex. Civ. App.—Beaumont 1924, writ ref'd); *see also Hall v. Ok. Factors, Inc.*, 935 S.W.2d 504, 507 (Tex. App.—Waco 1996, no writ) (holding that "an action on a judgment is a new and independent cause of action"). On appeal, appellant asserts none of the actions taken by appellee during the relevant time period qualify as "actions of debt" because these actions were not new suits, but merely forms of ancillary relief. Thus, we must decide whether any of appellee's above listed "actions" were "actions on debt" for purposes of section 31.006. We conclude that at least one of these "actions"—the June 3, 2003 plea in intervention and application for turnover relief—constitutes an "action on debt" for purposes of section 31.006.

---

[2] No scire facias proceeding was filed in this case. "The object of a strictly scire facias proceeding, which is usually commenced by motion or writ, is merely for the purpose of obtaining execution upon the judgment as rendered, and, of course, under the law, such a proceeding must be had in the same court rendering the judgment sought to be revived . . . ." *Burge*, 258 S.W. at 505.

A plea in intervention is a "new suit." *See Fleming v. Seeligson*, 57 Tex. 524, 533 (1881) (noting that a plea in intervention is "in the nature of a new suit."); *see also United States v. Randall & Blake*, 817 F.2d 1188, 1192 (5th Cir. 1987) ("Once the party seeking intervention has filed its motion to intervene with its proposed complaint, it has done all it can do, in a timely sense, to commence its action."). On June 3, 2003, appellee intervened in a personal injury lawsuit brought by appellant against Janine Curley, Guardian of Ashley Curley, a Minor, seeking recovery of his debt.[3] The trial court in that suit later signed a turnover order in favor of appellee. We, therefore, conclude appellee established, as a matter of law, that he brought at least one "action of debt" within two years after the 1993 judgment became dormant on April 28, 2003; thereby reviving the 1993 judgment. Accordingly, appellee was entitled to summary judgment under section 31.006.

## CONCLUSION

For the reasons stated above, we affirm the trial court's summary judgment in favor of appellee.

Sandee Bryan Marion, Justice

---

[3] The record does not reveal whether appellee's standing to intervene in this lawsuit was challenged, and our opinion should not be interpreted as holding that a judgment creditor who prevails against the judgment debtor in a business dispute may properly intervene in a personal injury lawsuit between the judgment debtor and another party.