

**The Business Court of Texas,
Third Division**

| | | |
|---|---|---|
| SANDEEP YADAV *individually and derivatively on behalf of* 3T FEDERAL SOLUTIONS, LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>RAJEEVA AGRAWAL and POONAM AGARWAL,<br><br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. 24-BC03B-0003 |

═══════════════════════════════════════════

## SYLLABUS[1]

═══════════════════════════════════════════

In this case, Defendants attempted to remove an action filed on May 1, 2024, to the Texas Business Court.  They also sought to remove claims filed on October 4, 2024, in the same lawsuit, to the Business Court.  This opinion addresses whether the Business Court has subject matter jurisdiction over the initial lawsuit and whether it has jurisdiction over later-filed claims.  The Court concluded that Section

---

[1] The syllabus was created by court staff and is provided for the convenience of the reader.  It is not part of the Court's opinion, does not constitute the Court's official description or statement, and should not be relied upon as legal authority

8 of H.B. 19 prohibits the removal of cases filed prior to September 1, 2024.  Further, the Court concluded that the claims filed in the lawsuit after September 1, 2024 are part of the same action and the Business Court lacked jurisdiction over those later-filed claims.  The Court remanded the case in its entirety to the district court.



# The Business Court of Texas, Third Division

SANDEEP YADAV *individually*     §    
*and derivatively on behalf of* 3T     §    
FEDERAL SOLUTIONS, LLC,     §    
    §     Cause No. 24-BC03B-0003
     *Plaintiff,*     §    
    §    
v.     §    
    §    
RAJEEVA AGRAWAL and     §    
POONAM AGARWAL,     §    

     *Defendants.*

═══════════════════════════════════════

## OPINION AND ORDER

═══════════════════════════════════════

## I. Introduction

¶1     House Bill 19—the statute that created the Texas Business Court and defines its jurisdiction—applies only "to civil actions commenced on or after September 1, 2024."[1] In this case, some claims were brought before that date, and other claims were brought afterward. All were brought in the same lawsuit. The Court must decide whether it has jurisdiction of the original lawsuit brought before September 1, 2024, and whether later

---

[1] Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 8, 2023 Tex. Sess. Law Serv. 919, 929.

filed claims are part of the same "action." Because the Court concludes that the original lawsuit was brought too early to fit within this Court's jurisdiction and all of the claims are part of one "action," the Court grants the motion to remand the entire case to the district court.

## II. Background

### A. Nature of the Litigation

¶2    This case involves a corporate governance dispute about the control, ownership, and management of 3T Federal Solutions LLC ("3T Federal"), a closely held Virginia limited liability company that primarily engages in securing government contracts to provide goods and equipment to federal agencies.[2] 3T Federal has three members: Sandeep Yadav ("Yadav") and Rajeeva Agrawal and Poonam Agarwal (hereinafter "Agrawals").[3] Yadav is a 51% percent owner of 3T Federal, and the Agrawals, a married couple, are each 24.5% owners.[4]

¶3    The lawsuit was initiated on May 1, 2024, when Yadav, individually and derivatively on behalf of 3T Federal, filed a lawsuit in Travis County District Court against the Agrawals.[5] Yadav alleged causes of action for breach of fiduciary duty, unjust

---

[2] Copies of Travis Cnty. Rs. Vol. 1, Pl.'s Original Pet., ¶¶ 3, 9, Sept. 30, 2024.

[3] Defendants Rajeeva Agrawal and Poonam Agarwal are a married couple with slightly different surname spellings.

[4] Copies of Travis Cnty. Rs. Vol. 1, 3T Federal Solutions, LLC'S Pet. In Intervention and Verified Appl. for Inj., ¶11, Sept. 30, 2024.

[5] *See* Pl.'s Original Pet., Sept. 30, 2024.

enrichment, and declarative relief.[6]  He alleged the Agrawals took "actions to the detriment of Derivative Plaintiff and the company" causing Yadav and 3T Federal to suffer "financial loss . . . [and] further potential liabilities."[7]  Through the lawsuit, Yadav sought managerial control of the company.[8]

¶4    The Agrawals answered on June 21, 2024 and filed counterclaims against Yadav on July 8, 2024.[9]  The Agrawals asserted majority voting power and control of 3T Federal based on a prior judgment from Virginia.[10]  Through their counterclaim, the Agrawals also alleged that Yadav had wrongfully operated the company as a de facto manager and unlawfully paid himself and family members from 3T Federal funds.[11]  The Agrawals sought declaratory and injunctive relief and money damages.[12]

¶5    Also on July 8, 2024, counsel for the Agrawals filed a Petition in Intervention and Verified Application for Injunction on Behalf of 3T Federal.[13]

¶6    The Travis County district court case was litigated for five months prior to removal to the Texas Business Court.  During that time, the district court heard and denied

---

[6] *Id.*

[7] *Id.* at ¶ 8.

[8] *See Id.* at ¶ 53.

[9] Copies of Travis Cnty. Rs. Vol. 1, Defs.' Original Answer, Sept. 30, 2024; Copies of Travis Cnty. Rs. Vol. 1, Defs.' Countercl., Sept. 30, 2024.

[10] Federal Solutions, LLC'S Pet. in Intervention and Verified Appl. for Inj. ¶22, Sept. 30, 2024.

[11] Defs.' Countercl. ¶¶ 22–24, Sept. 30, 2024.

[12] *See Id.* ¶¶ 33, 39, 47.

[13] Federal Solutions, LLC'S Pet. in Intervention and Verified Appl. for Inj. ¶ 11, Sept. 30, 2024.

the Agrawals' and Intervenor 3T Federal's motion for temporary injunction on August 27, 2024.[14]

## B. History of the Litigation

¶7     The Travis County district court case was not the first dispute between the parties over control of 3T Federal. Almost five years earlier, on October 22, 2019, the Agrawals sued Yadav in the Circuit Court in Hanover County, Virginia.[15] The Agrawals sought a declaratory judgement that Yadav had been validly replaced as the manager of 3T Federal pursuant to a written consent executed by the Agrawals and claimed Yadav had breached his fiduciary duties.[16] Following a bench trial, the Virginia circuit court of Hanover County, Virginia entered a final judgment on May 24, 2022 finding "each member [of 3T Federal] has 1/3 of the voting power [and the Agrawals ] had the necessary voting power to execute a valid written consent . . . which removed Yadav as manager."[17] Yadav exhausted his appeals on April 12, 2024, following the denial of his petition for appeal by the Virginia Supreme Court.[18] He initiated his Texas lawsuit in Travis County District Court three weeks later.[19]

---

[14] "Defendants—who carry the burden of proof in this matter—failed to make a sufficient factual showing that Plaintiff's purported capital contribution was invalid." Copies of Travis Cnty. Rs. Vol. 2, Order Den. Intervenors and Def.s' Appls. for Temporary Inj. ¶ 8, Sept. 30, 2024.

[15] *See* Pl.'s Original Pet., Sept. 30, 2024.

[16] Defs.' Countercl. ¶¶ 36–39.

[17] *Id.* Ex. 7.

[18] *Id.* Ex. 10.

[19] *See* Pl.'s Original Pet., Sept. 30, 2024.

4

## C.    Claims Filed Following Removal to Business Court

¶8    After five months of litigation in the Travis County District Court, the Agrawals filed a Notice of Removal to the Texas Business Court on September 30, 2024.[20] Four days later, Intervenor, 3T Federal, non-suited its earlier filed petition for intervention.[21] That same day, the Agrawals and "Intervenor 3T Federal Solutions LLC", acting through the same attorneys, filed a combined pleading entitled "First Amended Counterclaim, Original Petition in Intervention, and Original Third Party Claims" (hereinafter "October 4th Pleading") in the Business Court using the same cause number as the removed case.[22]

¶9    The October 4th Pleading contained thirteen "causes of action", alternatively referred to in the pleading as "claims."[23] Some were alleged by the Agrawals and others by Intervenor 3T Federal. The counterclaim, petition in intervention and third-party claims were filed in one combined pleading. The third-party portion of the October 4th Pleading named five new third-party defendants in claims asserted by Intervenor 3T Federal. The new third-party defendants, included four newly named corporate entities for whom the Agrawals allege Yadav served as  manager and registered agent, and Yadav's wife Ritu Yadav.[24] The factual basis of the October 4th Pleading included allegations that Yadav,

---

[20] *See* Defs.' Notice of Removal to Bus. Ct., Sept. 30, 2024.

[21] Intervenor's Notice of Nonsuit Without Prejudice, Oct. 4, 2024.

[22] *See* First Am. Countercl., Original Pet. in Intervention, and Original Third Party Claims, Oct. 4, 2024.

[23] *See Id.*

[24] Claim One: Breach of Contract Against Yadav, brought by the Agrawals and 3T Federal, Claim Two: Breach of Fiduciary Duty Against Yadav, brought by 3T Federal against Yadav, Claim Three:

while operating the company, excluded the Agrawals and "systematically damaged" 3T Federal "through blatant self-dealing."[25] It also contained new claims, including Claim 5 (a claim for dissociation of Yadav), Claims 8–12 (claims against new third parties) and Claim 13 (alternative derivative claims). The filing relied on a common "Verified Statement of Facts" closely resembling the Agrawal's prior original counterclaim filing, and 3T Federal's prior intervention petition. The five Third-Party Defendants each filed their Original Answer and Affirmative Defenses in the business court on November 12, 2024.

## D. The Parties' Competing Positions on the Appropriateness of Removal

¶10 The Agrawals and Intervenor 3T Federal cited Texas Government Code Section 25A.004(b) as the basis for their September 30, 2024, removal to the Business Court alleging the case "involves the governance, governing documents and internal affairs of the Company" in an amount greater than $5 million.[26]

---

Conversion By Yadav, brought by 3T Federal against Yadav, Claim Four: Request for Declaratory Relief, brought by the Agrawals and 3T Federal , Claim Five: Request for Dissociation of Yadav, brought by the Agrawals and 3T Federal, Claim Six: Frivolous Claim Against Yadav, brought by the Agrawals, Claim Seven: Request for Injunctive Relief Against Yadav, brought by the Agrawals and 3T Federal, Claim Eight: Third Party Claim Against 3T Business Group, LLC for Aiding and Abetting and for Declaratory Relief, brought by 3T Federal against 3T Business Group, LLC, Claim Nine: Third Party Claim Against 3T Catamount, LLC for Aiding and Abetting and for Declaratory Relief, brought by 3T Federal against 3T Catamount, LLC, Claim Ten: Third Party Claim Against 3T Federal-SITS JV, LLC for Aiding and Abetting and for Declaratory Relief, brought by 3T Federal against 3T Federal-SITS JV LLC, Claim Eleven: Third Party Claim Against 3T Federal-Sierra JV, LLC for Aiding and Abetting and for Declaratory Relief, brought by 3T Federal against 3T Federal-Sierra JV, LLC, Claim Twelve: Third Party Claim Against Ritu Yadav for Aiding and Abetting, brought by 3T Federal against Ritu Yadav, Sandeep Yadav's wife, and Claim Thirteen: Alternative Derivative Claims. *See Id.*

[25] *Id.* at ¶ 1.

[26] Defs.' Notice of Removal to Business Ct. ¶ 2, Sept. 30, 2024.

¶11    On October 4, 2024, this Court requested briefing from the parties regarding what effect Section 8 of H.B. 19 "has on the propriety of this suit's removal to the Texas Business Court and this Court's authority and jurisdiction to hear the suit."[27]  The same day, Intervenor 3T Federal nonsuited its Petition in Intervention and Verified Application for Injunction.[28]  It then filed the October 4th Pleading.[29]

¶12    On October 30, 2024, Yadav timely filed a motion to remand asserting the Texas Business Court lacks jurisdiction over this case based on H.B. 19 Section 8.[30]  Pursuant to Section 25A.004(f), Yadav also objected to the exercise of supplemental jurisdiction "over any claim in this case."[31] Similarly, on October 31, 2024, Yadav filed a Response to Defendants' Brief in Support of Business Court Jurisdiction, asserting i) that the original claims must be remanded because H.B. 19 §8 prohibits the Business Court from exercising jurisdiction over cases filed before September 1, 2024, ii) that Agrawal's counterclaims must proceed with the original claims pursuant to the compulsory counterclaim provision of Rule 97(a), iii) that the Agrawals' newly raised counterclaims relate back to the original counterclaims, and iv) that Yadav does not consent to the Business Court's exercise of supplemental jurisdiction over any claims.[32]

---

[27] Order Requesting Br. on Removal, Oct. 4, 2024.

[28] Intervenor's Notice of Nonsuit Without Prejudice, Oct. 4, 2024.

[29] First Am. Countercl., Original Pet. in Intervention, and Original Third Party Claims, Oct. 4, 2024.

[30] Pl.'s Mot. to Remand and Obj. to Suppl. Jurisdiction 2–3, Oct. 30, 2024.

[31] *Id.* at 3.

[32] *See* Pl.'s Response to Defs.' Br. in Supp. of Business Ct. Jurisdiction, Oct. 31, 2024.

¶13    The Court held an oral hearing on the motion to remand on December 5, 2024.[33]  At the hearing, the Court allowed the parties to file supplemental briefing, and the parties filed their briefs on December 13, 2024, and December 16, 2024.[34]

### III. Analysis

**A.    Issues Presented**

¶14    The issues in this motion to remand are twofold.  The first issue, a now familiar one to the Business Court, is whether the court has jurisdiction to hear cases commenced prior to September 1, 2024.

¶15    The second issue is whether the Business Court has jurisdiction over the claims asserted in the October 4th Pleading, filed in the same action but after removal including: i) the amended counterclaims against Yadav ii) 3T Federal's petition in intervention; and iii) a third-party action filed by Intervenor 3T Federal naming five new third-party defendants.

**B.    Applicable Law**

¶16    To analyze these issues, the Court reviews relevant legal standards, the text of H.B. 19, Section 25A of the Texas Government Code, and Texas Rule of Civil Procedure 355.

---

[33] *See* Order Scheduling Oral Hr'g, Nov. 18, 2024.

[34] Intervenor and Defs.' Post-Hr'g Br. in Supp. of Business Ct. Jurisdiction, Dec. 13, 2024; Pl.'s Corrected Br. in Supp. of Pl.'s Mot. To Remand, Dec. 16, 2024.

### i. Legal Standards

¶17    The issues here involve the interpretation of statutes that created the Business Court to determine whether those statutes confer subject-matter jurisdiction over this suit. Subject-matter jurisdiction "[i]nvolves a court's power to hear a case."[35] Subject-matter jurisdiction "exists when the nature of the case falls within the general category of cases the court is empowered, under applicable statutory and constitutional provisions, to adjudicate."[36]

¶18    When interpreting a statute, courts generally "rely on the plain meaning of the statute's words' to discern legislative intent."[37] It is a bedrock principle that if a case can be "decided according to the statute itself, it must be decided by the statute itself."[38] The truest manifestation of what lawmakers intended is what they enacted because the Legislature "expresses its intent by the words it enacts and declares to be the law."[39]

### ii. House Bill 19

¶19    H.B. 19 created the Texas Business Court, a new statewide specialty trial court with jurisdiction over defined complex business cases.[40] On June 9, 2023, Governor

---

[35] *Tellez v. City of Socorro*, 226 S.W. 3d 413 (Tex. 2007).

[36] *Diocese of Galveston-Houston v. Stone*, 892 S.W. 2d 169, 174 (Tex. App.—Houston [14th Dist.] 1994, no pet.) (citing *City of El Paso v. Madero Development,* 803 S.W.2d 396, 399 (Tex. App.—El Paso 1991, writ denied)).

[37] *Aleman v. Texas Medical Board,* 573 S.W.3d 796, 802 (Tex. 2019) (citing *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017)).

[38] *Bank Direct Cap. Fin. LLC v Plasma Fab*, *LLC*, 519 S.W. 3d 76, 78 (Tex. 2017).

[39] *See Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651 (Tex. 2006); *Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011).

[40] *See* Act of May 25, 2023, 88th Leg., R.S., ch. 380, 2023 Tex. Sess. Law Serv. 919.

Abbott signed H.B. 19 into law.[41]  H.B. 19 added Chapter 25A to the Texas Government Code which establishes, among other things, the judicial districts and divisions of the court, the court's jurisdiction and authority over specified matters, procedures for removal and remand, venue, appellate procedure, and qualifications of judges.[42]  Sections 5 and 8 of H.B. 19 address the Business Courts start date.[43]  Section 5 states that except as otherwise provided by the Act, the "business court is created September 1, 2024." Section 8 of H.B. 19 states:

> The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024.[44]

¶20    Though neither Section 5 nor Section 8 are codified into the Texas Government Code they are integral sections of the statute, and uncodified session law is binding law.[45]

### iii. Section 25A.006: Removal and Remand

¶21    Section 25A.006 of the Texas Government Code establishes the procedure and grounds for removal to business court.[46]  Section 25A.006(d) permits a party to an "action" filed in a district court or county court at law to remove "the action" to the

---

[41] *See Id.*

[42] *See Id.*

[43] *Id.* §§ 5, 8.

[44] *Id.* § 8.

[45] *See Tema Oil & Gas Co. v. ETC Field Servs., LLC*, 2024 Tex. Bus. 3 at ¶ 16, 2024 WL 5337411, at *4 (Tex. Bus. Ct. Nov. 6, 2024) (Citing *Union Pac. R.R. Co. v. Brown*, No. 04-17-00788-CV, 2018 WL 6624507, at *3 n.2 (Tex. App.—San Antonio Dec. 19, 2018, no pet.)).

[46] *See* TEX. GOV. CODE ANN. § 25A.006.

Business Court if the action is within the Court's jurisdiction.[47]  If removal is opposed, a party must file its removal notice within thirty days after the party discovered, or reasonably should have discovered, facts establishing the Business Court's jurisdiction.[48]

¶22    After removal, if the Business Court decides it does not have jurisdiction of "the action," Section 25A.006(d) commands the court to remand "the action" to the originating court.[49]

### iv. Texas Rule of Procedure 355

¶23    Following the passage of H.B. 19, and in accordance with Section 25A.020, the Texas Supreme Court adopted new and amended rules governing Business Court procedures, including removal and remand.[50]  The rule that addresses removal procedures is Texas Rule of Procedure 355.[51] But as the Business Court's Eighth Division has explained, Rule 355 does not speak "to the removal of a case commenced before September 1, 2024."[52]

### C.    The Business Court Lacks Subject-Matter Jurisdiction to Hear Cases Commenced Prior to September 1, 2024

¶24    Yadav individually and derivatively on behalf of 3T Federal, filed his original petition against the Agrawals on May 1, 2024 in Travis County district court.  The case was

---

[47] *Id.* § 25A.006(d).

[48] *Id.* § 25A.006(f)(1).

[49] *Id.* 25A.006(d).

[50] *See Id.* § 25A.006(g); Supreme Court of Tex., *Final Approval of Rules for the Business Court*, Misc. Docket No. 24-9037 (Jun. 28, 2024).

[51] *See* TEX. R. CIV. P. 355.

[52] *Id.*; *Tema Oil*, 2024 Tex. Bus. 3 at ¶ 16, 2024 WL 5337411, at *2.

actively litigated there prior to removal and the district court denied temporary injunctive relief following a hearing on August 27, 2024.[53]

¶25    The Agrawals argue the Business Court has jurisdiction over actions commenced before and after September 1, 2024.  They insist that H.B. 19 is "silent as to whether the Business Court's jurisdiction extends to civil actions filed before September 1, 2024" and that such silence "speaks volumes."[54]  They also contend that Section 8 of HB 19 is not explicit enough to "apply only to those actions commenced on or after September 1, 2024."[55]  The Agrawals point to other statutes passed by the legislature and argue the legislature utilized more explicit limiting language.[56]  Finally, Defendants argue H.B. 19 is part of a procedural statute and therefore applies to ongoing lawsuits.[57]

¶26    The determination of the initial question—whether a lawsuit filed prior to September 1, 2024 can be removed to Business Court—is a matter of statutory interpretation.  The Texas Supreme Court has instructed that a court's "mandate is to ascertain and give effect to the Legislature's intent as expressed in the statutory language."[58]  A statute's unambiguous language controls the outcome.[59]  When a statute is clear and unambiguous,

---

[53] *See* Order Den. Intervenor's and Defs.' Appl. for Temporary Inj., Sept 30, 2024.

[54] Br. in Supp. of Business Ct. Jurisdiction 2, Oct. 24, 2024.

[55] *Id.* at 1.

[56] *See Id.* at 5–6.

[57] *See Id.* at 6–7.

[58] *Paxton v. City of Dallas*, 509 S.W.3d 247, 256 (Tex. 2017).

[59] *Id.* at 257.

"we do not resort to extrinsic interpretive aids, such as legislative history, because the statute's plain language 'is the surest guide to the Legislature's intent.'"[60]

¶27    The text of Section 8 of H.B. 19 provides a clear-cut resolution to this question.  To reiterate, it provides "[t]he changes in law made by this Act apply to civil actions commenced on or after September 1, 2024."[61]  The "Act" is H.B. 19, the very statutory enactment that created the Business Courts and grants its authority, defines its jurisdiction, and governs its removal procedures.  Section 25A.006 uses the term "action" forty times without ever using the term, "claim."[62]  Section 25A does not define the term "action" but that term is generally synonymous with "suit, which is a demand of one's rights in court."[63]  In *Jaster v. Comet II Construction, Inc.*, the Texas Supreme Court defined "action" as follows:

> "The common meaning of the term 'action' refers to an entire lawsuit or cause or proceeding, not to discrete 'claims' or 'causes of action' asserted within a suit, cause, or proceeding."[64]

¶28    And Black's Law Dictionary defines "action" as "[a] civil or criminal judicial proceeding; esp., lawsuit."[65]  Black's Law Dictionary alternatively defines "action" as "an ordinary proceeding in a court of justice, by which one party prosecutes another party for

---

[60] *Id.* (quoting *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016)).

[61] Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 8, 2023 Tex. Sess. Law Serv. 919, 929.

[62] *See* Tex. GOV'T CODE ANN. § 25A.006.

[63] *See Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 563–64 (Tex. 2014) (plurality op.); *Thomas v. Oldham*, 895 S.W.2d 352, 356 (Tex. 1995).

[64] *Jaster*, 438 S.W.3d at 563–64.

[65] *Action*, Black's Law Dictionary (12th ed. 2024).

the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."[66]  Also, the Texas Business Court has on at least two occasions recognized that the term "civil action" is synonymous with lawsuit.[67]

¶29    While "commence" is also not defined in Section 25A, it generally means "to begin; start."[68]  And Texas Rule of Civil Procedure 22 provides that a lawsuit commences when a petition is filed.[69]

¶30    Since Yadav's original petition was filed on May 1, 2024, the "action" "commenced" well before September 1, 2024.  Pursuant to H.B. 19 Section 8, the Business Court has jurisdiction over cases commenced on or after September 1, 2024, not before.[70]  Thus, the Business Court lacks authority to hear the underlying lawsuit that commenced on May 1, 2024 with the filing of Yadav's Original Petition.

¶31    Additionally, the Texas Business Court previously decided the question of whether actions initiated prior to September 1, 2024 can be removed.  It has rejected at least ten attempts to remove actions filed before September 1, 2024, and remanded those cases back to their originating district courts.[71]  The text of H.B. 19 Section 8 is clear and

---

[66] *Id.*

[67] *See C Ten 31 LLC ex rel. Summer Moon Holdings LLC v. Tarbox*, 2025 Tex. Bus. 1 at ¶ 26, 2025 WL 224542, at *7 (Tex. Bus. Ct. Jan. 3, 2025); *Tema Oil*, 2024 Tex. Bus. 3 at ¶ 15, 2024 WL 5337411, at *3.

[68] *Commence*, American Heritage Dictionary of the English Language (5th Ed. 2022).

[69] *See* TEX R. CIV. P. 22.

[70] Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 8, 2023 Tex. Sess. Law Serv. 919, 929.

[71] *See, e.g., Energy Transfer LP, et al. v. Culberson Midstream LLC, et al.*, 2024 Tex. Bus. 1, 2024 WL 5320611 (Tex. Bus. Ct. Oct. 30, 2024); *See also Synergy Global Outsourcing, LLC v. Hinduja Global Solutions, Inc.* 2024 Tex. Bus. 2, 2024 WL 5337412 (Tex. Bus. Ct. Oct. 31, 2024); *See also Tema Oil,* 2024 Tex. Bus. 3, 2024 WL 5337411; *See also Jorrie v. Charles, et al.*, 2024 Tex. Bus. 4,

unambiguous.  The Court finds no sound basis to depart from prior Business Court holdings. Since the underlying case is not removable, Section 25.006 requires the Business Court to remand the action to the originating court.[72]

## D.   The Business Court Lacks Subject-Matter Jurisdiction Over Claims Asserted in the October 4ᵗʰ Pleading

¶32    Having held that the term "civil action" in Section 8 of H.B. 19 compels the remand of the "action" commenced prior to September 1, 2024, the Court now turns to the second question: whether the Agrawals' and 3T Federal's claims contained in the October 4ᵗʰ Pleading and filed in the Business Court in the same case, are part of the action and therefore subject to remand along with the underlying action.

¶33    The Court reviews each section of the October 4ᵗʰ Pleading, separately including: 1) the Agrawals' counterclaims; 2) 3T Federal's Plea in Intervention; and 3) the third-party action filed against newly named third parties.  The Court begins its analysis with the Agrawal's counterclaims against Yadav.

---

2024 WL 5337409 (Tex. Bus. Ct. Nov. 7, 2024); *See also Morningstar Winans v. Berry*, 2024 Tex. Bus. 5, 2024 WL 5337410 (Tex. Bus. Ct. Nov 4, 2024); *See also XTO Energy, Inc. v. Houston Pipe Line Co., LP*, 2024 Tex. Bus. 6, 2024 WL 5337408 (Tex. Bus. Ct. Nov. 26, 2024); *See also Seter v. Westdale Asset Management, Ltd.*, 2024 Tex. Bus. 7, 2024 WL 5337346 (Tex. Bus. Ct. Dec. 16, 2024); *See also Lone Star NGL Product Services v. EagleClaw Midstream Ventures, LLC*, 2024 Tex. Bus. 8, 2024 WL 5337407 (Tex. Bus. Ct. Dec 20, 2024); *See also Bestway Oilfield, Inc. v. Cox*, 2025 Tex. Bus. 2, 2025 WL 251338 (Tex. Bus. Ct. Jan. 17, 2025); *See also Osmose Utilities Services, Inc. v. Navarro County Electric Cooperative*, 2025 Tex. Bus. 3, 2025 WL 370681 (Tex. Bus. Ct. Jan 31, 2025).

[72] *See* Tex. GOV'T CODE ANN. § 25A.006.

15

### i. The Agrawals' Amended Counterclaim

#### a. Summary of the Counterclaims

¶34    The Agrawals' amended counterclaim contains an eleven page "Statement of Facts" that details 3T Federal's formation and background, earlier disputes over the 3T Federal operating agreement, the ensuing Virginia litigation, and allegations that Yadav has been illegally operating the company as a de facto manager.[73]  The Agrawals alleged that "while unlawfully operating the company, Yadav has systematically damaged" 3T Federal "through blatant self-dealing."[74]

¶35    The factual allegations and claims asserted in Agrawal's amended counterclaim, like Yadav's original petition, involve a long-standing corporate governance dispute between three members of 3T Federal.  Each side contends they are the rightful manager of 3T Federal.  Each side complains of the other's management or interference with management of the company.

¶36    The Agrawals' legal claims are included in six subsections under the heading "Causes of Action" in the October 4th Pleading.  They include causes of action for: breach of contract, conversion, request for declaratory relief, a request for dissociation of Yadav, "frivolous claims", and a claim for injunctive relief.[75]

---

[73] First Am. Countercl., Original Pet. in Intervention, and Original Third Party Claims ¶¶ 14–45, Oct. 4, 2024.

[74] *Id.* ¶ 1.

[75] *Id.* ¶¶ 46–80.

### b. The Parties' Counterclaim Arguments

¶37    The Agrawals concede that their original counterclaims must be remanded to the district court but contend their later-filed amended counterclaims in the October 4th Pleading, do not relate back to the main action.[76]  They also contend the compulsory-counterclaim rule does not require remand of any of their claims because Chapter 25A endorses claim splitting and overrides Rule 97(a) to the extent it is inconsistent with the statute.[77] The Agrawals also argue that the amended counterclaim seeking disassociation of Yadav was based on new allegations that were distinct from the amended counterclaim and does not relate back to the original filing.[78]

¶38    In response, Yadav claims the action is not subject to removal in light of H.B. 19 Section 8's application "to civil actions commenced on or after September 1, 2024."[79] He contends that an "action commences" when an original petition is filed and that "subsequent pleadings, including those naming new parties, are filed in the original action."[80] Alternatively, Yadav contends that the Business Court must remand the Agrawals' counterclaims because they are compulsory and relate back to Defendants' original Counterclaim.[81]  Further in the alternative, Yadav argues that even if Defendants'

---

[76] Intervenor and Defs.' Post-Hr'g Br. in Supp. of Business Ct. Jurisdiction 11, Dec. 13, 2024.

[77] *Id.* at 3.

[78] *Id.* at 9.

[79] Pl.'s Mot. to Remand and Obj. to Suppl. Jurisdiction 2, Oct. 30, 2024.

[80] Pl.'s Corrected Br. In Supp. of Pl.'s Mot. To Remand 3, Dec. 16, 2024.

[81] *Id.* at 4.

counterclaims are not compulsory, the Business Court does not have jurisdiction over Defendants' counterclaims because they relate back to Agrawal's original counterclaim.[82]

### c. The Business Court Lacks Subject-Matter Jurisdiction Over the Agrawals' Counterclaims

¶39    The Court turns to Yadav's contention that an "action commences" when an original petition is filed and that such "action" includes "subsequent pleadings," including the Agrawals' amended counterclaims.[83]

¶40    Under Rule 22, a civil suit is commenced by a petition filed in the office of the clerk, in this case on May 1, 2024.[84] By definition, a counterclaim is filed in opposition to or as a setoff against the plaintiffs claim and is in "response" to the plaintiffs pleading.[85] Stated otherwise, a counterclaim is an affirmative claim for relief filed against an opposing party in an existing lawsuit presented by a defendant in opposition to or deduction from the plaintiff's claim.[86]

¶41    Applying the definition of "counterclaim" and the Texas Supreme Court's definition of "action", Section III. C., *supra*, the Court finds that the Agrawals'

---

[82] *Id.*

[83] *Id.* at 3.

[84] *See* TEX. R. CIV. P. 22.

[85] *See Counterclaim*, Black's Law Dictionary (12th ed. 2024) ("claim for relief asserted against an opposing party after an original claim has been made; esp., a defendant's claim in opposition to or as a setoff against the plaintiff's claim"); *see also Counterclaim*, Black's Law Dictionary (11th ed. 2019) ("A claim for relief asserted against an opposing party after an original claim has been made").

[86] *See generally* TEX. R. CIV. P. 97 (a)–(b); *Sinton Sav. Ass'n v. Ellis*, 474 S.W.2d 281, 285 (Tex. App.—Corpus Christi 1971, writ ref'd n.r.e.).

counterclaims are not separate actions, and instead are part of the underlying lawsuit. The term "action" is defined as "an entire lawsuit or cause or proceeding,"[87] which would necessarily include all "claims" or "causes of action" asserted therein. Consistent with this, the Business Court has recognized that the term "civil action" is synonymous with lawsuit.[88] The Agrawals provided no case where a court held that the filing of a counterclaim constituted a separate action under similar circumstances.

¶42 Taken together, the Court finds the Agrawals' counterclaims filed in the October 4th Pleading, in the same cause as the underlying lawsuit, are not new or different actions and thus are subject to remand along with the original lawsuit.

¶43 Because the Court determines that the Agrawals' counterclaims are part of the same "action" as Yadav's originally filed lawsuit, and must be remanded as such, the Court need not reach the parties' alternative arguments.

### ii. 3T Federal's Plea in Intervention is Not a New Action

¶44 The Court turns to 3T Federal's Petition in Intervention to assess whether it, too, is subject to remand with the underlying action.

### a. 3T Federal's Plea in Intervention

¶45 3T Federal filed its petition in intervention in the combined October 4th Pleading. The substantive portion of the petition consists of a sentence in paragraph 6 and a related footnote that allege 3T Federal "has a justiciable interest in this suit because its

---

[87] *Jaster*, 438 S.W.3d at 563–64.

[88] *See C Ten LLC v. Tarbox*, 2025 Tex. Bus. 1 at ¶ 26, 2025 WL 224542, at *7; *Tema Oil*, 2024 Tex. Bus. 3 at ¶ 15, 2024 WL 5337411, at *3.

19

interests will be affected by disposition of the claims at issue" and asserts the petition is a newly commenced action since it was filed after September 1, 2024.[89] 3T Federal's petition also asserts several causes of action that are identical to the Agrawals' counterclaims. 3T Federal joins the Agrawals in asserting claims for breach of contract (Claim 1), declaratory relief (Claim 4), and injunctive relief (Claim 7).[90]

¶46    The Agrawals and 3T Federal brought multiple "causes of action" against Yadav for breach of contract. They allege Yadav breached the 3T Federal operating agreement by refusing to acknowledge Rajeeva Agrawal's appointment as Manager, asserting control over the company despite the Agrawals' majority voting rights, and for acting as the de facto manager.[91]

¶47    The Agrawals also accuse Yadav of transferring assets from 3T Federal to himself, his spouse, and affiliated entities, borrowing money and funneling it to other entities, competing with 3T Federal through other ventures, and improperly causing 3T Federal to accept capital contributions.[92] The Agrawals and 3T Federal seek a declaratory judgment to void these actions, including payments made to Yadav, and the transfer of membership interest to Yadav and his business group.[93] In addition, the Agrawals and 3T Federal request injunctive relief to prevent Yadav from further controlling or managing the

---

[89] First Am. Countercl., Original Pet. in Intervention, and Original Third Party Claims ¶ 6 n.2, Oct. 4, 2024.

[90] *Id.* ¶¶ 46–81.

[91] *Id.* ¶ 49.

[92] *Id.*

[93] *Id.* ¶¶ 65–69.

company.[94]  Finally, the Agrawals seek a mandatory injunction requiring him to return all company property, records, and information.[95]

¶48    3T Federal also raises two "causes of action" separately.  First, 3T Federal forwards a breach of fiduciary duty claim, accusing Yadav of failing to honor the Agrawals' management rights, misappropriating company funds for personal use, competing with the company, and making false statements to the U.S. government regarding financial loans.[96]  Additionally, 3T Federal asserts that Yadav illegally converted company assets, including cash, books, and records, and seeks compensation for the value of the converted property.[97]

¶49    Notably, 3T Federal has played a central role in the underlying lawsuit.  After all, the primary subject of Yadav's lawsuit and the Agrawals' counterclaims is the owner-ship, control, management, and funding of 3T Federal.  And when Yadav filed his original petition, he did so "individually and derivatively on behalf of 3T Federal" and those deriv-ative claims have remained in the lawsuit since it began.[98]  3T Federal also intervened  on July 8, 2024, through the same counsel as the Agrawals, claiming Yadav had, "unlawfully usurped the authority" of the Company's manager Rajeeva Agrawal, by locking him out as

---

[94] First Am. Countercl., Original Pet. in Intervention, and Original Third Party Claims ¶¶ 81–83, Oct. 4, 2024.

[95] *Id.* ¶ 84.

[96] *Id.* ¶¶ 54–60.

[97] *Id.* ¶¶ 61–64.

[98] Pl.'s Original Pet. 1, Sept. 30, 2024.

manager of 3T Federal.[99]  3T Federal later non-suited its petition for intervention, only to intervene again through the October 4th Pleading.[100]

### b. The Parties' Contentions

¶50    The Agrawals and Intervenor 3T Federal contend the Business Court has jurisdiction of the plea in intervention filed in the October 4th Pleading because "an action commences for an intervening party when it files its petition in intervention."[101]

¶51    Yadav, for his part, contends that an "action commences" when the original petition is filed and that "subsequent pleadings, including those naming new parties, are filed in the original action which commences upon the filing of the original petition."[102]

¶52    Yadav  contends that this action commenced on May 1, 2024, with the filing of Yadav's original petition, and that the Agrawals' counterclaims, 3T Federal's Petition in Intervention, and the Third-Party Claims are all claims filed into the action that commenced May 1, 2024.[103]  Yadav cites *S & P Consulting Engineers, PLLC v. Baker*,[104] in support of his position that an action commences when the original petition is filed.[105]

---

[99] 3T Federal Solutions, LLC'S Pet. In Intervention and Verified Appl. for Inj., ¶1, Sept. 30, 2024.

[100] Intervenor's Notice of Nonsuit Without Prejudice, Oct. 4, 2024; First Am. Countercl., Original Pet. in Intervention, and Original Third Party Claims 1, Oct. 4, 2024.

[101] Br. in Supp. of Business Ct. Jurisdiction 8, Oct. 24, 2024.

[102] Pl.'s Corrected Br. In Supp. Of Pl.'s Mot. To Remand 3, Dec 16, 2024.

[103] *Id.* at 4

[104] 334 S.W.3d 390 (Tex. App.—Austin, 2011, no pet.) (en banc).

[105] Pl.'s Corrected Br. In Supp. Of Pl.'s Mot. To Remand 3, Dec 16, 2024.

### c. Analysis

¶53    A petition in intervention allows a party to join an ongoing lawsuit.[106]  Intervention creates an opportunity for persons directly interested in the subject matter of an action to join that action or proceeding already instituted.[107]  "The filing of a plea in intervention does not result in a separate legal proceeding."[108]  Indeed, the purpose of a motion to intervene is to "prevent multiple suits concerning the same subject, and to resolve competing claims in the same proceeding."[109]

¶54    3T Federal primarily relies on three cases for its contention that the Plea in Intervention constitutes a new action: *Baker v. Monsanto*, *Hawthorn* v. *Guenther*, and *U.S. v. Randall & Blake*.[110]  None of the cited cases are persuasive to the issues before the Court.

¶55    In *Baker,* the issue was whether an intervenor in an ongoing suit must formally serve parties with citation—as opposed to certified mail—in order to stop the running of the applicable statute of limitations.[111]  The Supreme Court held that the defendants prior appearance in the litigation relieved the intervenors of the responsibility to serve the defendants Monsanto with formal citation.[112]  This hardly supports 3T Federal's position that

---

[106] *See Paxton v. Simmons*, 640 S.W.3d 588, 597 (Tex. App.—Dallas 2022, no pet.).

[107] *See Eagle Oil & Gas Co. v. Shale Expl., LLC*, 549 S.W.3d 256, 267 (Tex. App.—Houston [1st Dist.] 2018, pet. dism'd).

[108] *Id.*

[109] *Id.*

[110] *Baker v. Monsanto Co.,* 111 S.W.3d 158, 159 (Tex. 2003); *Hawthorne v. Guenther*, 461 S.W.3d 218 (Tex. App.—San Antonio 2015, pet. denied); *United States v. Randall & Blake*, 817 F.2d 1188 (5th Cir. 1987).

[111] *Baker,* 111 S.W.3d at 159 (Tex. 2003).

[112] *Id.* at 161.

23

"an action commences for an intervening party when it files its petition."[113] *Baker's* elemental holding, that a party that has already generally appeared in a matter is not entitled to formal citation and service of a petition in intervention, as opposed to Rule 21a service, does not support the Agrawals' and 3T Federal's contentions.

¶56    3T Federal's reliance on *Hawthorn v. Guenther* and *U.S. v. Randall & Blake* is equally misplaced.[114] Both cases hold, unremarkably, that claims filed in a petition (or motion) in intervention are sufficient to satisfy the applicable statute of limitations, as to that party. Nothing in those cases suggests that such claims are independent "actions" or "lawsuits" separate and apart from the original action.

¶57    More persuasive is *S & P Consulting*, a case Yadav cites for the proposition that subsequent pleadings in an existing lawsuit do not recommence an action.[115] In *S & P Consulting*, the Austin Court of Appeals, sitting en banc, analyzed which version of an amended law applied based on when an "action commenced."[116] The court held that "subsequent petitions by defendants against new parties become part of an action that has already commenced."[117]

¶58    In *S & P Consulting,* the court reviewed Texas Rules of Civil Procedure 22, 37, and 38 to determine when an action had commenced and noted:

---

[113] Br. in Supp. of Business Ct. Jurisdiction 8, Oct. 24, 2024.

[114] *Hawthorne*, 461 S.W.3d 218; *United States v. Randall & Blake*, 817 F.2d 1188.

[115] Pl.'s Corrected Br. in Supp. of Pl.'s Mot. To Remand 3, Dec. 16, 2024.

[116] *S & P Consulting*, 334 S.W.3d at 397.

[117] *Id.* at 396.

24

"Rule 22 states that [a] civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk. Thereafter, 'additional parties, necessary or proper parties to the suit, may be brought in,' indicating that these new parties are being added to an action that has already commenced. . . Rule 38 appears to use the word 'action' as a substitute for 'suit' as used in rules 22 and 37. . . . While these rules are not conclusive . . . they provide a context indicating that the filing of the original petition commences the action with respect to all parties regardless of when they are brought into the action."[118]

¶59    The Court concluded that the action "commenced with the filing of the original petition against the original defendants" and that "subsequent petitions by defendants against new parties become part of an action that has already commenced."[119]

### d. Conclusion

¶60    The purpose of a plea in intervention is to intervene in an existing lawsuit and prevent multiple suits concerning the same subject, and to resolve competing claims in the same proceeding.[120] Here, 3T Federal intervened in an ongoing lawsuit between Yadav and the Agrawals in the same cause number, in an action removed to Business Court.

¶61    The Court agrees with the reasoning of the en banc Austin Court of Appeals in *S & P Consulting* that "subsequent petitions by defendants against new parties become part of an action that has already commenced."[121]

---

[118] *Id.*

[119] *Id.* at 397.

[120] *See Eagle Oil & Gas*, 549 S.W.3d at 267.

[121] 334 S.W.3d at 390.

¶62 Like *S &P Consulting*, the action to which 3T Federal intervened, "commenced with the filing of the original petition against the original defendants."[122] When 3T Federal intervened, they did so in the ongoing action.

¶63 As described in Section III. C., *supra*, Section 8 of H.B. 19 prohibits the Business Court from exercising jurisdiction over "civil actions" commenced before September 1, 2024. An action, defined as an entire lawsuit or cause or proceeding, necessarily includes all asserted "claims" or "causes of action" filed in the action. The Court determines that the plea in intervention filed in the underlying action commenced on May 1, 2024, not with the filing of the October 4th Pleading. Thus, 3T Federal's intervention does not qualify as a separate civil action commenced on or after September 1, 2024.

### iii. 3T Federal's Third-Party Claims Are Not New Actions

¶64 The Court now turns to 3T Federal's third-party claims in the October 4th Pleading to determine whether they are part of the pre-September 1st "action" and therefore subject to remand with the underlying action.

#### a. 3T Federal's Claims

¶65 3T Federal's claims against five newly named third-parties—four entity defendants and one individual defendant—are contained in counts 8–12 of the October 4th Pleading.[123] They include causes of action for aiding and abetting and declaratory relief

---

[122] *Id.* at 397–98.

[123] First Am. Countercl., Original Pet. in Intervention, and Original Third Party Claims ¶¶ 87–121, Oct. 4, 2024.

against: 3T Business Group, LLC; 3T Catamount, LLC; 3T Federal-SITS JV, LLC; 3T Federal-Sierra JV, LLC; and Ritu Yadav.[124]

¶66    3T Federal primarily alleges each of the five defendants aided and abetted Yadav's alleged breaches of contract and fiduciary duty by assisting in transfers of funds and ownership interests to the five defendants.[125]   3T Federal is the only entity to allege third-party claims against the new defendants.  However, in Claim 13 entitled "Alternative Derivative Claims," the Agrawals allege that to the "extent that [the Agrawals] are adjudged to lack authority to cause the company to bring direct claims against Yadav and the other third-party defendants," the Agrawal's assert the same claims derivatively and on behalf of the company.[126]

¶67    Notably, 3T Federal has not moved to sever the third-party claims against the new parties from the original action, nor did it file the new claims as a separate action in the Business Court, but instead, filed its third-party claims directly in the same lawsuit involving Yadav and Agrawal.

### b. The Parties' Arguments

¶68    3T Federal argues the Business Court must exercise jurisdiction over 3T Federal's "action" against the "newly added" defendants.[127]   Its argument in this regard

---

[124] *Id.*

[125] *See Id.*

[126] *Id.* ¶¶ 122–124.

[127] Intervenor and Defs.' Post-Hr'g Br. in Supp. of Business Ct. Jurisdiction 11, Dec. 13, 2024.

largely duplicates its petition in intervention.[128]  In particular, it insists that even if the Business Court's jurisdiction is limited to actions commenced on or after September 1, 2024, the Court still has jurisdiction over the third-party claims because they commenced on October 4, 2024.[129]  3T Federal primarily relies on three additional cases in support of its argument: *Morris v. Ponce*, *Granite State v. Chaucer, Martinez v. Gonzalez*.[130]

¶69    Yadav, for his part, again urges the Court to rule that an "action commences" when a petition is filed and that "subsequent pleadings, including those naming new parties," are all part of the same "action" and share the same original filing date.[131]

### c. Analysis

¶70    In determining whether 3T Federal's third-party claims are part of the pre-September 1, 2024 "action" and therefore subject to remand, the Court applies a similar analysis as in the context of the petition in intervention.  To reiterate, removal to the Business Court is governed by Section 25A.006(d) which permits a party to an "action" to remove "the action" to the Business Court if it is within the Court's jurisdiction.[132]  In turn, Section 8 of H.B. 19 restricts the Business Court's jurisdiction to "civil actions" that

---

[128] *Id.* ("the [Agrawals'] action against the newly added defendants commenced on October 4, 2024. For the same reasons the Court must exercise jurisdiction over the Intervenor's action, it must also exercise jurisdiction over this action").

[129] *Id.* at 3–4.

[130] Br. In Supp. Of Business Ct. Jurisdiction 9–10, Oct. 24, 2024; *Morris v. Ponce*, 584 S.W.3d 922 (Tex. App. —Houston [14th Dist.] 2019, no pet.); *Granite State Ins. Co. v. Chaucer Syndicate 1084 at Lloyd's*, No. CV H-20-1588, 2020 WL 8678020 (S.D. Tex. July 14, 2020); *Martinez v. Gonzales*, No. 13-14-00241-CV, 2015 WL 5626242 (Tex. App.—Corpus Christi-Edinburg, Sept. 17, 2015, no pet.).

[131] Pl.'s Corrected Br. in Supp. of Pl.'s Mot. To Remand 3, Dec. 16, 2024.

[132] TEX. GOV'T CODE ANN., § 25A.006(d).

commenced on or after September 1, 2024.[133]  And the term "action" is expansively defined as "an entire lawsuit or cause or proceeding," which necessarily includes all asserted "claims" or "causes of action"[134]

¶71    The cases cited by 3T Federal do not alter this analysis.

¶72    In *Morris v. Ponce*, the Fourteenth Court of Appeals considered a medical malpractice claim brought by Ponce against a hospital.[135]  The original suit was filed in 2012.[136] Ponce amended his petition to add new defendants in January 2014.[137] The defendants sought dismissal of the action claiming the pre-2013 version of the statute required service of an expert report within 120 days after the original lawsuit filing, while the 2013 version required service within 120 days of the defendants' answer.[138]  The 2013 version applied "only to an action commenced on or after" September 2013.[139]  The court held the action commences as to each defendant when first named in the lawsuit.[140]  Since the newly added defendants were named after September 2013, the court applied the 2013 version of the statute and held the report was timely.[141]

---

[133] Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 8, 2023 Tex. Sess. Law Serv. 919, 929.

[134] *See Jaster*, 438 S.W.3d at 563–64; *Thomas*, 895 S.W.2d at 356.

[135] *Morris*, 584 S.W.3d at 924.

[136] *Id.* at 925.

[137] *Id.*

[138] *Id.* at 924–95.

[139] *Id.* at 925.

[140] *Id.* at 928.

[141] *Id.*

¶73     3T Federal also cites *Granite State v Chaucer*.[142]  There, a federal district court was asked to determine when a case "commences" for purposes of the one-year limit on removal under diversity jurisdiction.[143]  Plaintiff argued that the case "commenced" in October 2018, rendering the defendant's 2020 removal untimely, while the defendant contended the case did not commence until the defendant was served in August 2019.[144]  The district court noted that "Texas law is unclear as to whether an action commences, for removal purposes, when the petition is first filed or when a new defendant is added."[145]  The court then analyzed *S & P Consulting* and *Morris v. Ponce,* and after considering both lines of cases, held an action commences for each defendant when they are first named in the case.[146]

¶74     Finally, in *Martinez v. Gonzales,* the Corpus Christi Court of Appeals determined that that an action commences for each defendant when that defendant is first named.[147]  The *Martinez* court held that "the filing of an amended petition adding defendants . . .  constitutes the filing of a new lawsuit."[148]  While the court attempted to distinguish *S & P Consulting*, it offered little explanation for its divergence.[149]

---

[142] 2020 WL 8678020.

[143] *Id.* at *1.

[144] *Id.*

[145] *Id.*

[146] *Id.* at *8–10.

[147] 2015 WL 5626242.

[148] *Id.* at *8.

[149] *Id.* at *2–3.

¶75    The Court finds *Morris, Granite State* and *Martinez* distinguishable from the case at hand.  Those cases turn on when an action commenced as to a particular party for purposes of triggering *that party's* rights or obligations.[150]  All three concern whether new claims filed in an existing lawsuit constitute an action for purposes of limitations as to a particular party.[151]  Here, the determination is whether the Business Court has jurisdiction of the "action," not  when a particular party's rights or duties were triggered.[152]  For purposes of assessing the Court's jurisdiction over the third-party claims, the Court finds *S & P Consultant's* holding—that "subsequent petitions by defendants against new parties become part of an action that has already commenced"—more convincing.[153]

¶76    Additionally, 3T Federal's third-party claims were not filed as a separate action nor were they severed from the primary case.  Instead, they were filed and remain in the same action that dates back to May 1, 2024.  The Texas Supreme Court has explained that a severance "splits a single suit into two or more independent actions."[154]  This, too, suggests that 1) different claims are all part of the same action, at least until they are

---

[150] *See Morris*, 584 S.W.3d 922; *see also Granite State,* 2020 WL 8678020; *see also Martinez*, 2015 WL 5626242.

[151] *See Morris*, 584 S.W.3d 922; *see also Granite State,* 2020 WL 8678020; *see also Martinez*, 2015 WL 5626242; *see also Sebastian v. Durant*, 2025 Tex. Bus. 4 at ¶¶ 22–25, 2025 WL 394634 at *4 (Tex. Bus. Ct. Feb. 4, 2025).

[152] *Sebastian*, 2025 Tex. Bus. 4 at ¶ 25, 2025 WL 394634 at *4.

[153] *S & P Consulting*, 334 S.W.3d at 396.

[154] *Van Dyke v. Bosewll, O'Toole, Davis & Pickering,* 697 S.W.2d 381, 383 (Tex. 1985); *see also E.I. du Pont de Nemours & Co.*, 92 S.W.3d 517, 523 (Tex. 2002) ("A severed action becomes a different action").

severed and 2) to the extent litigants wish to remove matters to the Business Court to treat them as separate actions, such a result might be accomplished by moving to sever an action.

¶77    Section 8 of H.B. 19 restricts the Business Court's jurisdiction to "civil actions" commenced on or after September 1, 2024.  The Court determines that 3T Federal third-party claims in their October 4th Pleading are part of the action that commenced upon the filing of Plaintiff's Original Petition on May 1, 2024.  As such, they do not constitute separate actions commenced after September 1, 2024, and the Court lacks jurisdiction of those claims.

## IV. Conclusion

¶78    For the reasons stated above, the Court lacks jurisdiction of this action in its entirety, including all claims filed in the October 4th Pleading, and therefore remands this case to the 419th District Court of Travis County, Texas.


SIGNED ON: February 11, 2025.

 

_____
Hon. Patrick K. Sweeten
Judge of the Texas Business Court,
Third Division