2025 Tex. Bus. 8



## THE BUSINESS COURT OF TEXAS
### ELEVENTH DIVISION

Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P., §§§§§

    *Plaintiff,*

v.

Kimco Realty Services, Inc., Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Corporation,

    *Defendants.*

Cause No. 24-BC11A-0013

---

## SYLLABUS[1]

---

*This opinion addresses the removability of actions to the Texas Business Court that were filed in the district court before September 1, 2024, where a publicly traded company was joined as a defendant in the underlying case after September 1, 2024, and Defendants filed an opposed notice of removal within thirty days of the publicly traded defendant's joinder. The Court concludes that it lacks subject-matter jurisdiction over this action because Section 8 of House Bill 19 limits the applicability of Texas Government Code Chapter 25A to "civil actions commenced on or after September 1, 2024."*

---

[1] The syllabus was created by court staff and is provided for the convenience of the reader. It is not part of the Court's opinion, does not constitute the Court's official description or statement, and should not be relied upon as legal authority.



## THE BUSINESS COURT OF TEXAS
### ELEVENTH DIVISION

Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P.,

    *Plaintiff,*

v.

Kimco Realty Services, Inc., Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Corporation,

    *Defendants.*

§
§
§
§
§
§
§
§
§
§
§
§

Cause No. 24-BC11A-0013

---

## OPINION AND ORDER

---

### I. INTRODUCTION

¶1      Before the Court is (1) the Notice of Removal by Defendants, Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Services, Inc., and Kimco Realty Corporation (collectively, "Defendants") filed October 14, 2024 ("Notice of Removal" or "Notice"); (2) Defendants' Brief Supporting Removal to Texas Business Court filed November 5, 2024 ("Defendants' Initial Brief" or "Initial Brief"); (3) Plaintiff, Cypress Towne Center, Ltd.'s ("Plaintiff") Motion to Remand and Brief Regarding Jurisdiction

filed November 12, 2024 ("Motion to Remand"); (4) Defendants' Response to Plaintiff's Motion to Remand and Brief Regarding Jurisdiction filed November 22, 2024 ("Defendants' Response" or "Response"); (5) Plaintiff's Reply in Support of Plaintiff's Motion to Remand filed December 2, 2024 ("Plaintiff's Reply" or "Reply"); (6) Plaintiff's Proposed Opinion and Order filed December 5, 2024 ("Plaintiff's Proposed Opinion"); (7) Defendants' Proposed Opinion and Order filed December 23, 2024 ("Defendants' Proposed Opinion"); (8) Plaintiff's February 6, 2025 e-mail submission of the *Sebastian*[1] opinion; and (9) Defendants' Response to Plaintiff's Submission of the [*Sebastian*] Decision to This Court filed February 11, 2025 ("Defendants' *Sebastian* Brief" or "*Sebastian* Brief"). The Court held a hearing on this matter on December 5, 2024. Having considered the Parties' arguments and the relevant law, the Court **GRANTS** Plaintiff's Motion to Remand and **ORDERS** that this suit be remanded to the district court.

## II. PROCEDURAL BACKGROUND

¶2    On June 16, 2022, Plaintiff commenced this action in the 11th Judicial District Court of Harris County against its partners, Kimco Developers, Inc., and KD Houston 1086A, Inc.,[2] asserting both individual and derivative claims.[3] According to Defendants, "Plaintiff's claims arise out of an accounting adjustment made by the General

---

[1] *Sebastian v. Durant*, 2025 Tex. Bus. 4, 2025 WL 394634 (Feb. 4, 2025).

[2] App. to Notice of Removal at BC APPX 000003-000018 (Plaintiff's Original Petition, filed June 16, 2022).

[3] Plaintiff's Proposed Opinion at 2; *see* Motion to Remand at 3 ("In 2021, without notice to Cypress, Kimco retroactively recharacterized its prior loans as equity investments earning a 10% preferred return. This unilateral change increased Kimco's priority return by 230 percent—from $2.1 million to nearly $7 million—effectively eliminating Cypress's partnership value while increasing Kimco's invested capital by over $2 million."); *see generally* App. to Notice of Removal at BC APPX 000003-000018 (Plaintiff's Original Petition, filed June 16, 2022); BC APPX 000127-000144 (Plaintiff's First Amended Petition, filed December 4, 2023); BC APPX 000147-000163 (Plaintiff's Second Amended Petition, filed December 11, 2023); BC APPX 000418-000439 (Plaintiff's Third Amended Petition, filed September 20, 2024).

Partner and include breach of contract, breach of fiduciary duty, declaratory relief, vicarious liability, conspiracy, piercing the corporate veil, and alter ego."[4] Since Plaintiff filed its original petition, the Parties have engaged in substantial motion practice, including a mandamus proceeding concerning net worth discovery which was resolved by the Fourteenth Court of Appeals.[5] The third trial setting in the underlying case was scheduled for March 3, 2025.[6]

¶3     On September 20, 2024, nineteen days after this Court opened for business,[7] Plaintiff filed its Third Amended Petition, adding Kimco Realty Corporation ("KRC") (a publicly traded company, NYSE: KIM) as a defendant under theories of veil piercing and alter ego liability.[8] Twenty-four days later, on October 14, 2024, Defendants filed their opposed Notice of Removal to the Texas Business Court.[9] In the Notice, Defendants state:

> Jurisdiction is proper in the 11th Business Court Division pursuant to TEX. GOV'T CODE § 25A.004(c) and (e). Defendant Kimco Realty Corporation (NYSE: KIM) is a publicly traded company and both Plaintiff and Defendants/Counter-Plaintiffs in this action seek declaratory judgments

---

[4] Defendants' Proposed Opinion at 2.

[5] Plaintiff's Proposed Opinion at 2; *see* Notice of Opinion Distribution (filed in this Court on January 7, 2025); *In re Kimco Developers, Inc.*, No. 14-24-00361-CV, 2024 WL 5250445 (Tex. App.—Houston [14th Dist.] Dec. 31, 2024, orig. proceeding).

[6] App. to Notice of Removal at BC APPX 000414 (Order signed by Judge Hawkins, resetting trial for March 3, 2025).

[7] *See* Tex. H.B. 19, § 5, 88th Leg., R.S. (2023) ("Except as otherwise provided by this Act, the business court is created September 1, 2024.").

[8] App. to Notice of Removal at BC APPX 000418–000439 (Plaintiff's Third Amended Petition). Of note, KRC has been mentioned in Plaintiff's pleadings since the outset of this litigation, each successive petition reading: "[KRC] is a real estate investment trust that invests in shopping centers throughout the United States. The company's properties are generally owned and operated through various subsidiaries, such as its wholly-owned subsidiary [Kimco Developers, Inc. or KDI]." *See id.* at BC APPX 000006 (¶ 10 in Plaintiff's Original Petition, filed June 16, 2022); BC APPX 000130 (¶ 10 in Plaintiff's First Amended Petition, filed December 4, 2023); BC APPX 000150 (¶ 10 in Plaintiff's Second Amended Petition, filed December 11, 2023); BC APPX 000421 (¶ 12 in Plaintiff's Third Amended Petition, filed September 20, 2024).

[9] In general, if all parties to an action have not agreed to remove the action, the notice of removal must be filed not later than the 30th day after the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action. TEX. GOV'T CODE § 25A.006(f)(1); TEX. R. CIV. P. 355(c)(2)(A).

3

interpreting the Limited Partnership Agreement of Kimco 290 Houston II, LP under Chapter 37 of the Civil Practice and Remedies Code. Accordingly, this cause is removable pursuant to TEX. GOV'T CODE § 25A.006(d) and TEX. R. CIV. P. 355(a).[10]

By filing their Notice, Defendants removed the entire action from the district court, including all claims and causes of action which were initially brought prior to September 1, 2024.[11]

¶4    By its order of October 15, 2024, the Court directed the Defendants to file briefing concerning the propriety of this suit's removal to the Texas Business Court and regarding the Court's authority and jurisdiction to hear the suit. The Court set the deadline for Defendants' briefing for November 5, 2024; and ordered that Plaintiff may file any responsive brief on or before November 12, 2024.

¶5    On November 5, 2024, Defendants filed their Initial Brief. On November 12, 2024, in lieu of a response brief, Plaintiff filed its Motion to Remand. Therefore, the Court granted leave for Defendants to file their Response on November 22, 2024; and Plaintiff to file its Reply on December 2, 2024. On December 5, 2024, the day of the hearing on Plaintiff's Motion to Remand, Plaintiff filed Plaintiff's Proposed Opinion granting remand.

---

[10] Notice of Removal at ¶¶ 3-4. There has been significant argument concerning whether concurrent (TEX. GOV'T CODE § 25A.004(e)) or supplemental (TEX. GOV'T CODE § 25A.004(f)) jurisdiction would apply to certain claims in the lawsuit; and relatedly, whether certain claims are derivative or direct claims. *See* Defendants' Initial Brief at 7, n.13; Plaintiff's Motion to Remand at 9-15; Defendants' Response Brief at 6-7; Plaintiff's Reply at 2-3, n.2; Defendants' Proposed Opinion at 7-8. While the Court appreciates the Parties' comprehensive approach, the Court need not reach a resolution of this portion of the dispute because Chapter 25A does not apply to this action. *See* Analysis *infra* ¶¶ 10-15 and accompanying authorities; Plaintiff's Reply at 2-3, n.2.

[11] Defendants' Initial Brief at 4 ("Because the Petition filed on September 20, 2024, added a publicly traded company as a defendant and both Plaintiff and Defendants seek declaratory judgments by the Court as to the meaning of the LPA, the entire matter is within this Court's jurisdiction, including as to the parties against whom the action was initially brought prior to September 1, 2024.").

At the hearing, the Court granted leave for Defendants to file a proposed opinion denying remand. On December 23, 2024, Defendants filed Defendants' Proposed Opinion. On February 6, 2025, Plaintiff sent correspondence to the Court attaching the opinion in *Sebastian v. Durant*, 2025 Tex. Bus. 4, 2025 WL 394634 (Feb. 4, 2025). On February 10, 2025, Defendants moved for leave to file a brief concerning *Sebastian*, which the Court granted. On February 11, 2025, Defendants filed the *Sebastian* Brief.

### III. LEGAL STANDARD

¶6    For every judicial proceeding, "subject-matter jurisdiction must exist before we can consider the merits," and a court must examine its jurisdiction "any time it is in doubt." *Tex. Propane Gas Ass'n v. City of Houston*, 622 S.W.3d 791, 797 (Tex. 2021) (quoting *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020)); *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993) ("Subject[-]matter jurisdiction is never presumed and cannot be waived."). "Whether a court has subject[-]matter jurisdiction is a question of law." *Tex. Disposal Sys. Landfill, Inc. v. Travis Cent. Appraisal Dist.*, 694 S.W.3d 752, 757 (Tex. 2024).

¶7    A Notice of Removal to the Business Court must plead facts to establish the Business Court's authority to hear the action. TEX. R. CIV. P. 355(b)(2)(A). If the Business Court does not have jurisdiction over a removed action, the Business Court shall remand the action to the court in which the action was originally filed. TEX. GOV'T CODE § 25A.006(d); TEX. R. CIV. P. 355(f)(1).

5

## IV. Analysis

### A. The Court lacks subject-matter jurisdiction over the removed action because it commenced prior to September 1, 2024.

¶8    "As with every question of statutory construction, our duty is to accurately articulate the meaning of the enacted text—here," of H.B. 19.[12] *Brown v. City of Houston*, 660 S.W.3d 749, 752 (Tex. 2023). Indeed, "H.B. 19's plain 'text is the alpha and omega of the interpretive process.'" *Energy Transfer LP v. Culberson Midstream LLC*, 2024 Tex. Bus. 1, 2024 WL 4648110, at *3 (Oct. 30, 2024) (citing *In re Panchakarla*, 602 S.W.3d 536, 541 (Tex. 2020); *BankDirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 86 (Tex. 2017)). "When the text unambiguously answers a question, our inquiry ends." *Brown*, 660 S.W.3d at 752.

¶9    When Governor Greg Abbott signed H.B. 19 into law on June 9, 2023, the enrolled version of the Bill included two sections that are pertinent to this Opinion:

   i.   Section 1, which vests the Court with its jurisdiction, and sets forth the text of the new Chapter 25A of the Texas Government Code,[13] and

   ii.  Section 8, which states: "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024."[14]

---

[12] In this context, as this Court has opined, the enrolled version of H.B. 19 is the binding statute enacted by the Texas Legislature. *Lone Star NGL Prod. Servs. v. Eagleclaw Midstream Ventures*, 2024 Tex. Bus. 8 at ¶ 14, n.29, 2024 WL 5202356, at *5 (Dec. 20, 2024); *see* TEX. GOV'T CODE § 311.029 (under the Code Construction Act, "the language of the enrolled bill version controls" over any subsequent printing of the statute).

[13] Tex. H.B. 19, § 1, 88th Leg., R.S. (2023) (emphasis added); *see* TEX. GOV'T CODE § 25A.004 (entitled "Jurisdiction and Powers").

[14] Tex. H.B. 19 at § 8.

¶10  After exhaustive consideration of the issue by each division of the Texas Business Court, the Fifteenth Court of Appeals recently rendered a binding opinion concerning whether the Business Court has subject-matter jurisdiction over actions commenced prior to September 1, 2024.  In holding that the Business Court did not have jurisdiction over an action pending prior to September 1, 2024, the Fifteenth Court of Appeals opined: "The fundamental problem here is that if the Act [H.B. 19] were to apply to civil actions commenced both before and after the effective date, the effective date itself would be meaningless; the Act [H.B. 19] would apply to all cases everywhere all at once. We cannot construe this effective date to effectively eliminate any effective date." *In re ETC Field Servs., LLC*, No. 15-24-00131-CV, 2025 WL 582320, at *3 (Tex. App.—15th Dist., Feb. 21, 2025, orig. proceeding).

¶11  This is consistent with the Business Court's consensus interpretation of Sections 1 and 8 of H.B. 19.  In essence, it is now settled that the Texas Business Court lacks subject-matter jurisdiction over actions which were commenced prior to September 1, 2024.  *See Jorrie v. Charles*, 2024 Tex. Bus. 4, 2024 WL 5337409 (Nov. 7, 2024); *Winans v. Berry*, 2024 Tex. Bus. 5, 2024 WL 5337410 (Nov. 7, 2024); *Bestway Oilfield Inc. v. Cox*, 2025 Tex. Bus. 2, 2025 WL 251338 (Jan. 17, 2025); *Energy Transfer*, 2024 Tex. Bus. 1, 2024 WL 5320611. As Plaintiff accurately assessed, "[t]he Texas Legislature spoke with precision when crafting Chapter 25A's temporal scope: it applies only to 'civil actions commenced on or after September 1, 2024.'"[15]  Therefore, parties to a lawsuit

---

[15] Motion to Remand at 4.

commenced before September 1, 2024, may not rely on Texas Government Code Chapter 25A to justify subject-matter jurisdiction in the Business Court.[16] In applying this general rule, the only operative fact is the commencement date of the action which was removed to the Business Court.[17]

¶12 Without deviation, each division of the Business Court has concluded that, under Section 8, a "civil action" commences when the original petition was filed. *See Yadav*, 2025 Tex. Bus. 7 at ¶¶ 29-30, 59, 62, 2025 WL 467645, at *6-11 (for purposes of Section 8, the removed action commenced upon the filing of Plaintiff's Original Petition, even when new claims were joined to the lawsuit after September 1, 2024); *Sebastian*, 2025 Tex. Bus. 4 at ¶¶ 20-26, 2025 WL 394634, at *3-5 (despite an attempt to remove only some of the claims in the underlying lawsuit, the relevant "civil action" in the analysis of Section 8 is the entire action, which commences on the filing of the original petition); *Osmose*, 2025 Tex. Bus. 3 at ¶¶ 15-30, 2025 WL 370681, at *3-5 (within the context of Section 8, the commencement date for an action is the date on which the original petition was filed, not the date on which discrete claims are made against various parties); *Jorrie*, 2024 Tex. Bus. 4 at ¶ 12, 2024 WL 5337409, at *2 (under Section 8, the relevant action

---

[16] *Lone Star*, 2024 Tex. Bus. 8 at ¶ 19, 2024 WL 5202356, at *7.

[17] Each division of the Business Court relies entirely on the commencement date of the removed action to determine whether Section 8 requires remand. *See Energy Transfer*, 2024 Tex. Bus. 1, 2024 WL 5320611; *Synergy Global Outsourcing, LLC v. Hinduja Global Solutions, Inc.*, 2024 Tex. Bus. 2, 2024 WL 5337412 (Oct. 31, 2024); *Tema Oil and Gas Co. v. ETC Field Servs., LLC*, 2024 Tex. Bus. 3, 2024 WL 5337411 (Nov. 6, 2024); *Jorrie*, 2024 Tex. Bus. 4, 2024 WL 5337409; *Winans*, 2024 Tex. Bus. 5, 2024 WL 5337410; *XTO Energy, Inc. v. Houston Pipe Line Co., LP*, 2024 Tex. Bus. 6, 2024 WL 5337408 (Nov. 26, 2024); *Seter v. Westdale Asset Mgmt., Ltd.*, 2024 Tex. Bus. 7, 2024 WL 5337346 (Dec. 16, 2024); *Lone Star*, 2024 Tex. Bus. 8, 2024 WL 5337407; *Bestway*, 2025 Tex. Bus. 2, 2025 WL 251338; *Osmose Utils. Servs., Inc. v. Navarro Cnty. Electric Cooperative*, 2025 Tex. Bus. 3, 2025 WL 370681 (Jan. 31, 2025); *Sebastian*, 2025 Tex. Bus. 4, 2025 WL 394634; *Yadav v. Agrawal*, 2025 Tex. Bus. 7, 2025 WL 467645 (Feb. 11, 2025).

commenced when the original petition was filed); *Tema*, 2024 Tex. Bus. 3 at ¶¶ 14–15, 2024 WL 5337411, at *3 (the commencement date for an action under Section 8 is the date on which the original petition was filed). Plaintiff's analysis cogently articulates this point. "[U]nlike the term 'filed,' which may apply equally to suits or to causes of action within a suit, the term 'commenced' refers specifically to the initiation of a suit as a whole."[18]

¶13    To illustrate, an adaptation of the Fifteenth Court of Appeals' language in *ETC Field Services* demonstrates how the settled rule would apply in this case:

> *Commence* means to "begin" or "start," and is used primarily in "more formal associations with law and procedure, combat, divine service, and ceremony." [Texas Rule of Civil Procedure 22 uses] the term in the precise context of starting a new lawsuit: "A civil suit in the district or county court shall be *commenced* by a petition filed in the office of the clerk." This civil action was thus "commenced" in the [Harris] County district court on [June 16, 2022], not in the business court. Its removal to the business court [two] years later on September [20], 2024 . . . did not *commence* a new civil action but *continued* the previous one in a different court.[19]

¶14    Thus, Defendants appear to urge that this Court create an exception to the Business Court's settled rule, and hold that a party may remove an action which was commenced prior to September 1, 2024 if the action is subsequently amended to add a publicly traded company as a defendant after September 1, 2024.[20]  Under the facts presented here—where Defendants removed the entire action including all claims and

---

[18] Motion to Remand at 6 (citing Tex. R. Civ. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."); Tex. R. Civ. P. 6 ("No civil suit shall be commenced . . . on Sunday."); *Straub v. Pesca Holding LLC*, 621 S.W.3d 299, 302–05 (Tex. App.—San Antonio 2021, no pet.) (distinguishing between "filed" and "commenced")).

[19] *In re ETC Field Servs.*, 2025 WL 582320, at *2 (citations omitted).

[20] *See* Defendants' Proposed Opinion at 4–5.

controversies pending prior to September 1, 2024[21]—the Court cannot justifiably deviate from the established rule.

¶15    Because the Court declines to adopt Defendants' desired exception to the established interpretation of Section 8, the rule remains simple in application. Plaintiff's Original Petition was filed in the district court on June 16, 2022.[22] Because this lawsuit was commenced before September 1, 2024, the Court holds that (i) the Defendants may not rely on Chapter 25A to justify subject-matter jurisdiction in this case; and (ii) the Court lacks subject-matter jurisdiction over the action.

**B. The post-September 1, 2024 addition of a publicly traded defendant in a pre-September 1, 2024 civil action does not affect the Court's jurisdictional analysis or the operation of Section 8.**

¶16    Defendants attempt to distinguish this case from its forebears, characterizing this as a "matter of first impression to the Business Courts regarding removal when a publicly traded company is added to an action as a defendant for the first time after September 1, 2024."[23] In support of this effort, Defendants rely on the language of Texas Government Code Sections 25A.004(b) and (c).[24] Working in tandem, and subject to the restrictions of Section 8 and H.B. 19 generally, these provisions create subject-matter

---

[21] Defendants' Response at 2 ("As Defendants *have a clear right to remove the entire action* and this Court has jurisdiction over same, Cypress' Motion should be denied and *this Court should exercise its jurisdiction to hear the entire action*.") (emphasis added).

[22] App. to Notice of Removal at BC APPX 000003–000018 (Plaintiff's Original Petition).

[23] Defendants' Proposed Opinion at 1; *see* Defendants' Response at 1 ("Cypress gives short shrift to the unique posture of this case of first impression: Cypress filed its third amended Petition after September 1, 2024, on September 20, 2024, which added a publicly traded entity for the first time and triggered the permissive right to remove this action to the Business Court, which Defendants exercised.").

[24] Defendants' Proposed Opinion at 3.

jurisdiction in the Texas Business Court over seven specific categories of action[25] (i) wherein "the amount in controversy exceeds $5 million, excluding interest, statutory and exemplary damages, penalties, attorney's fees, and court costs;" or (ii) "regardless of the amount in controversy if a party to the action is a publicly traded company." TEX. GOV'T CODE § 25A.004(b)–(c).

¶17     Defendants contend that because (i) certain claims and causes of action asserted in this case allegedly fall within these seven specific categories; and (ii) KRC, a publicly traded company, was added as a party to this action after September 1, 2024, that the Business Court has subject-matter jurisdiction over the entire action, including those claims and causes of action which pre-existed the Court.[26]  However, Defendants offer no alternative construction of H.B. 19, nor do we conclude an alternative construction exists,

---

[25] These categories are as follows:

> (1) a derivative proceeding; (2) an action regarding the governance, governing documents, or internal affairs of an organization; (3) an action in which a claim under a state or federal securities or trade regulation law is asserted against: (A) an organization; (B) a controlling person or managerial official of an organization for an act or omission by the organization or by the person in the person's capacity as a controlling person or managerial official; (C) an underwriter of securities issued by the organization; or (D) the auditor of an organization; (4) an action by an organization, or an owner of an organization, if the action: (A) is brought against an owner, controlling person, or managerial official of the organization; and (B) alleges an act or omission by the person in the person's capacity as an owner, controlling person, or managerial official of the organization; (5) an action alleging that an owner, controlling person, or managerial official breached a duty owed to an organization or an owner of an organization by reason of the person's status as an owner, controlling person, or managerial official, including the breach of a duty of loyalty or good faith; (6) an action seeking to hold an owner or governing person of an organization liable for an obligation of the organization, other than on account of a written contract signed by the person to be held liable in a capacity other than as an owner or governing person; and (7) an action arising out of the Business Organizations Code.

TEX. GOV'T CODE § 25A.004(b)(1)–(7).
[26] Defendants' Response at 2 ("As Defendants have a clear right to remove the entire action and this Court has jurisdiction over same, Cypress' Motion should be denied and *this Court should exercise its jurisdiction to hear the entire action.*") (emphasis added).

11

which might indicate that the addition of a publicly traded company following September 1, 2024 affects the Court's application of Section 8.

¶18    In the legal analysis presented, Defendants rely principally on (i) two context-dependent rulings concerning the meaning of the word "commence"—*Martinez v. Gonzales*[27] and *Morris v. Ponce*[28]—and (ii) a conclusory "Construction of the Enabling Legislation."[29]    Moreover, certain arguments concerning judicial efficiency, legislative history, and federal removal authority, while present in Defendants' briefing, were not utilized as primary bases for Defendants' Proposed Opinion.[30]    Nevertheless, the Court will address each of these items *seriatim*.

i. *Martinez* **and** *Morris* **are inapposite to the analysis of Section 8's effect on the scope of the Court's subject-matter jurisdiction.**

¶19    *Martinez* concerns the effective date of 2013 amendments to Texas Civil Practice & Remedies Code § 74.351(a).   The pre-2013 version of Section 74.351(a) stated, in relevant part:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date *the original petition was filed*, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.[31]

---

[27] No. 13-14-00241-CV, 2015 WL 5626242 (Tex. App.—Corpus Christi–Edinburg Sept. 17, 2015, pet. denied); *see* Defendants' Proposed Opinion at 4–5.

[28] 584 S.W.3d 922 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); *see* Defendants' Proposed Opinion at 4–5.

[29] Defendants' Proposed Opinion at 3 (Section entitled "Construction of the Enabling Legislation").

[30] *Compare* Defendants' Initial Brief at 8–13 (discussing "gain efficiencies" and legislative history); Defendants' Response Brief at 8 ("This action is exactly the type of case the Legislature and Governor envisioned the Business Court hearing."), *with* Defendants' Proposed Opinion.

[31] *Martinez*, 2015 WL 5626242, at *2 (quoting Act of June 17, 2005, 79th Leg. R.S., ch. 635, § 1, 2005 TEX. SESS. LAW SERV. Ch. 635 (current version at TEX. CIV. PRAC. & REM. CODE § 74.351(a))) (emphasis added).

The 2013 amendment reads:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date *each defendant's original answer is filed*, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.[32]

¶20 Per the Legislature's explicit statements in the 2013 amendment's enabling legislation, it "applie[d] only to an action *commenced* on or after [September 1, 2013]."[33] The plaintiffs filed their original petition containing health care liability claims prior to September 1, 2013, but on September 11, 2013, amended their petition to name two new physician defendants. The new defendants filed their answers on October 13 and 21, 2013.

¶21 Under the pre-2013 version of Section 74.351(a), the expert reports would both have been due on January 9, 2014.[34] Under the 2013 amendment, the expert reports would have been due February 10 and 18, 2014, respectively.[35] Plaintiffs served the expert reports concerning both new physician defendants on January 31, 2014.[36] Naturally, the new physician defendants moved to dismiss the claims against them for lack of timely expert reports.[37] The trial court denied the motions, and the new physician defendants appealed.[38] Affirming the trial court, the Thirteenth Court of Appeals stated, "we hold that *for purposes of section 74.351(a)*, an action *commences* when the particular defendant is named, thus triggering the applicable deadline for serving an expert report."[39]

---

[32] *Martinez*, 2015 WL 5626242, at *1 (citing TEX. CIV. PRAC. & REM. CODE § 74.351(a)) (emphasis added).
[33] *Id.*
[34] *See id.*
[35] These dates were not explicitly calculated in the *Martinez* opinion but are added here for clarity.
[36] *Id.*
[37] *Id.*
[38] *Id.*
[39] *Id.* at *4 (emphasis added).

¶22    In *Morris*, the Fourteenth Court of Appeals ruled on the exact same legal issue, concurring with the Thirteenth Court of Appeals.[40] In sum, both *Martinez* and *Morris* set forth a context-dependent meaning of the word "commencement"[41] where the relevant statute concerned a health care liability defendant's statutory procedural rights.

¶23    Defendants rely on *Martinez* and *Morris* to justify the assertion that "[s]ince the action was commenced against KRC after September 1, 2024, [D]efendants had the right to remove *the action* to this Court under Section 25A.006(d)."[42] However, as Defendants have made clear, it is not solely the action against KRC (*i.e.*, the arguably jurisdictional action) which Defendants removed to the Business Court, but the entire action.[43] Because the relevant sections of H.B. 19 do not prescribe any party-specific rights in this context, *Martinez* and *Morris* are inapposite.[44]

---

[40] *Morris*, 584 S.W.3d at 928 ("[W]e hold that, *for purposes of section 74.351(a)*, an action commences as to each defendant when it is first named as a defendant.") (emphasis added).

[41] *See also S & P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390, 396 (Tex. App.—Austin 2011, no pet.) ("We conclude that, for purposes of the effective date of [a different section of the Texas Civil Practice and Remedies Code], an action commences when the original petition is filed. For this purpose, the action does not recommence with the filing of an amended petition even if that petition names a new defendant for the first time."). The Court is cognizant of the Parties' briefing on *S & P Consulting*; it does not need to discuss this case in depth as the rule concerning "commencement" for purposes of Section 8 has been settled by the other divisions of the Business Court. *See* Motion to Remand at 6; Defendants' Response at 4; Plaintiff's Proposed Opinion at 4; Defendants' Proposed Opinion at 4; *Sebastian* Brief at 2.

[42] Defendants' Proposed Opinion at 5 (emphasis added); *see* Defendants' Response at 3–5.

[43] Defendants' Proposed Opinion at 8 ("The Court therefore has jurisdiction over this entire action under [Chapter 25A].").

[44] *Yadav*, 2025 Tex. Bus. 7 at ¶ 75, 2025 WL 467645, at *13 ("The Court finds *Morris* ... and *Martinez* distinguishable from the case at hand. Those cases turn on when an action commenced as to a particular party for purposes of triggering that party's rights or obligations[] ... [and] concern whether new claims filed in an existing lawsuit constitute an action for purposes of limitations as to a particular party. Here, the determination is whether the Business Court has jurisdiction of the 'action,' not when a particular party's rights or duties were triggered.") (emphasis omitted) (footnotes omitted); *see Sebastian*, 2025 Tex. Bus. 4 at ¶ 24, 2025 WL 394634, at *4 (labeling *Martinez* and *Morris* as "nonbinding precedent," and rejecting an attempt at partial removal); *see also* Defendants' *Sebastian* Brief at 2 (discussing *Sebastian*'s analysis of *Martinez* and *Morris*). In the *Sebastian* Brief, Defendants state "The *Sebastian* court itself recognized the result would be different if the subsequent pleading created a new lawsuit. ... A new lawsuit is exactly what *Martinez* held results from an amended petition adding defendants, which is what happened here....."

14

## ii. Section 8 is unambiguous and applies to all parties in a civil action, independent of when a party is joined.

¶24 Defendants do not proffer any alternative construction of Section 8 to justify their position. Instead, Defendants propose that this Court rely on the following conclusory statement:

> *Nothing* in Section 8 of House Bill 19 suggests that defendants who have actions brought against them for the first time after September 1, 2024 cannot exercise their right to have those actions heard in the Business Court just because their co-defendants had claims brought against them prior to September 1, 2024.[45]

¶25 On the contrary, as this Court has held, Section 8 of H.B. 19 unambiguously operates as a jurisdictional provision when applied to Texas Government Code Section 25A.004 (entitled "Jurisdiction and Powers"), such that no party to a civil action commenced prior to September 1, 2024 may rely on the provisions of Chapter 25A to justify subject-matter jurisdiction in the Business Court.[46] In its current unqualified form, Section 8 uniformly applies to all parties in a civil action, independent of when a party is joined.[47]

---

Defendants' *Sebastian* Brief at 2–3. This statement does not fully reflect the *Sebastian* court's analysis. One of the primary holdings of *Sebastian* was that, for purposes of Section 8, a civil action commences with the original petition's filing, regardless of when additional parties are joined. *See Sebastian*, 2025 Tex. Bus. 4 at ¶ 22, 2025 WL 394634, at *3. Thus, under *Sebastian*, the post-September 1, 2024 joinder of new claims and parties (as occurred here in Plaintiff's Third Amended Petition) does not create a new lawsuit for purposes of Section 8. *See* Defendants' *Sebastian* Brief at 2–3 ("The *Sebastian* court itself recognized the result would be different if the subsequent pleading created a new lawsuit.").

[45] Defendants' Proposed Opinion at 3 (emphasis added).

[46] *Lone Star*, 2024 Tex. Bus. 8 at ¶ 19, 2024 WL 5202356, at *7.

[47] *See* note 17 *supra* and accompanying text. Each Business Court decision concerning Section 8 turns on one operative fact—the commencement date of the removed action. This includes the *Sebastian* decision, which concluded that a civil action commences with the original petition's filing, regardless of when additional parties are joined; and that Chapter 25A permits removal of an entire "action" rather than of individual claims. *See Sebastian*, 2025 Tex. Bus. 4, 2025 WL 394634.

### iii. Appeals to judicial economy and legislative history cannot overcome the text of H.B. 19.

¶26    In their briefs, Defendants also placed emphasis on judicial economy and the legislative history of H.B. 19.[48]  These arguments cannot overcome the text of H.B. 19.  It is fundamental that a focus on judicial economy cannot supersede the bedrock requirement of subject-matter jurisdiction,[49] and Texas courts "do not consider legislative history or other extrinsic aides to interpret an unambiguous statute because the statute's plain language most reliably reveals the legislature's intent."[50]  As applied in this matter, Section 8 lacks ambiguity.

### iv. Defendants' comparison between the Texas Business Court's removal procedure and federal removal procedure does not account for the existence of Section 8.

¶27    Finally, in their efforts to bypass Section 8, Defendants appear to compare the Business Court's removal procedure with federal removal procedure.[51]  Defendants highlight that "the federal courts [ensure] removability within 30 days after the amendment from which removability may be ascertained was filed, no matter the filing date of the initial suit."[52]  In the Business Court, there is a similar procedure for the opposed removal of actions which are amended to add jurisdictional claims following the commencement of suit.[53]  However, Defendants do not argue—and there does not appear to be any basis to argue—that the existence of this similar procedure somehow operates to

---

[48] Defendants' Initial Brief at 8–13; *see* Plaintiff's Reply at 2 (observing that Defendants' Chapter 25A arguments were "mutating").

[49] *Lone Star*, 2024 Tex. Bus. 8 at ¶ 26, 2024 WL 5337407, at *8.

[50] *Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 136 (Tex. 2018).

[51] *See* Defendants' Response at 5; Defendants' Proposed Opinion at 4, n.2; Defendants' *Sebastian* Brief at 3, n. 4.

[52] Defendants' *Sebastian* Brief at 3, n.4.

[53] *See* Procedural Background, *supra* note 9; TEX. GOV'T CODE § 25A.006(f)(1); TEX R. CIV. P. 355(c)(2)(A).

supersede the text of Section 8, which clearly dictates that "[t]he changes in law made by [H.B. 19]," including Chapter 25A, only "apply to civil actions commenced on or after September 1, 2024."[54] Ultimately, this comparison never coalesced with a functional legal theory which might vest the Court with subject-matter jurisdiction.

¶28    While this matter does raise new factual themes,[55] Defendants do not demonstrate how this case is legally distinguishable from any of the pre-September 1, 2024 actions which have been remanded by the Texas Business Court. Defendants removed a civil action which was pending prior to September 1, 2024. However, no party to a civil action pending prior to September 1, 2024 may utilize the provisions of Chapter 25A to justify subject-matter jurisdiction in the Business Court.[56] Therefore, the Court must remand for lack of subject-matter jurisdiction.

## V. CONCLUSION

¶29    Defendants have failed to establish that the Court has subject-matter jurisdiction over this case. *See* TEX. R. CIV. P. 355(b)(2)(A). As a result, the Court is required to remand this case to the district court. *See* TEX. GOV'T CODE § 25A.006(d) ("If the business court does not have jurisdiction of the [removed] action, the business court *shall* remand the action to the court in which the action was originally filed.") (emphasis added). Therefore, Plaintiff's Motion to Remand is **GRANTED** and it is **ORDERED** that

---

[54] *See* Tex. H.B. 19 at § 8; Defendants' Proposed Opinion at 4, n.2; Defendants' Response at 5.
[55] *See* Analysis, *supra* at ¶ 16; Defendants' Proposed Opinion at 1 ("This opinion addresses a matter of first impression to the Business Courts regarding removal when a publicly traded company is added to an action as a defendant for the first time after September 1, 2024.").
[56] *Lone Star*, 2024 Tex. Bus. 8 at ¶ 19, 2024 WL 5202356, at *7.

the Business Court Clerk shall remand this cause to the 11th Judicial District Court of Harris County, Texas without delay.

SO ORDERED.

_____
Hon. Sofia Adrogué
Texas Business Court, Eleventh Division

DATED: February 25, 2025